[No. H026297. Sixth Dist. Nov. 8, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
ELIJAH SAMSON LOPEZ, Defendant and Appellant.

**COUNSEL**

Jennifer A. Mannix under appointment by the Court of Appeal Sixth District Appellate Program for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler Assistant Attorney General, Stan Helfman and Margo J. Yu, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAMATTRE-MANOUKIAN, J.**—Defendant Elijah Samson Lopez appeals after the trial court sustained a petition to commit him under the Sexually Violent Predators Act (SVPA). (Welf. & Inst. Code, § 6600 et seq.)

On appeal, defendant claims the trial court erred by instructing the jury that "masturbation" may be accomplished through clothing, without touching bare skin. Defendant also challenges the SVPA's definition of "mental disorder."

We will affirm the judgment.

## I. BACKGROUND

In September of 1990, defendant was sentenced to prison for two counts of committing a lewd and lascivious act on a child. (Pen. Code, § 288, subd. (a).) The two victims were brothers Raul and Gerardo S.[1] Raul was 11 or 12 years old at the time of the incidents; Gerardo was nine years old.

The charges stemmed from an incident on June 15, 1990. Defendant had driven to the boys' house and asked to take them to a party. Instead, he took them to his apartment. According to Raul, who was "a little embarrassed," defendant grabbed Raul's penis over his clothing. However, according to Gerardo, defendant had touched the bare skin of Raul's penis. Gerardo stated that defendant then did the same thing to him.

Defendant was released from prison in May of 1993. About a year later, in June of 1994, defendant approached 15-year-old Mark. Defendant asked Mark to come work at his beauty salon. When Mark complained of back pain, defendant gave Mark a massage. Mark was naked, and during the massage defendant touched Mark's penis and testicles. As a result of this incident, defendant was arrested and his parole was revoked.

In 2000, defendant was arrested for failure to register as a sex offender.

On December 3, 2001, the District Attorney of Santa Clara County filed a petition to commit defendant under the SVPA. On March 11, 2002, the trial court found probable cause to believe that defendant was likely to engage in sexually violent predatory criminal behavior upon his release from custody. On May 23, 2003, the trial court granted defendant's motion to vacate the

---

[1] The respondent's brief and the reporter's transcript use an alternate spelling, "Jerardo." For purposes of clarity, and because the information in the underlying criminal action indicates that the victim's name is spelled "Gerardo," we will refer to the victim as Gerardo throughout this opinion.

probable cause finding and reopen the probable cause hearing. On June 25, 2003, the trial court held a further probable cause hearing and set the matter for trial.

At trial, Dr. Douglas Korpi, a clinical psychologist, testified. Dr. Korpi had assessed defendant in November of 2001. He diagnosed defendant as suffering from paraphilia, a sexual disorder, with a particular interest in male children.

Dr. Jack Vognsen, another psychologist, had also assessed defendant and concluded that he suffered from paraphilia "with an attraction to having sex with children or nonconsenting adolescents."

Joseph testified about an uncharged incident that occurred in 1990, when he was 19 years old. Joseph had only recently come forward to report the incident. He had woken up in the middle of the night to find defendant orally copulating him.

Defendant testified at trial. He denied touching Raul or Gerardo on the penis. He had pleaded no contest to the charges pursuant to advice from his attorney. Defendant also denied touching Mark's penis. He claimed that Mark was fully dressed during the massage. Finally, defendant denied having any sexual contact with Joseph.

Dr. Robert Halon, a psychologist, testified for the defense. He did not believe that defendant suffered from a mental disorder that caused volitional impairment and serious difficulty controlling his behavior.

The jury found defendant to be a sexually violent predator. The trial court committed him to the Department of Mental Health for a period of two years.

## II.  DISCUSSION

### A.  Definition of Masturbation

Welfare and Institutions Code section 6600, subdivision (a)(1) defines the term " 'sexually violent predator' " as "a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior."

Welfare and Institutions Code section 6600, subdivision (b)[2] defines the term " 'sexually violent offense' " as "the following acts when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as provided in subdivision (a): a felony violation of paragraph (2) of subdivision (a) of Section 261, paragraph (1) of subdivision (a) of Section 262, Section 264.1, subdivision (a) or (b) of Section 288, or subdivision (a) of Section 289 of the Penal Code, or sodomy or oral copulation in violation of Section 286 or 288a of the Penal Code."

Section 6600.1 provides: "(a) If the victim of an underlying offense that is specified in subdivision (b) of Section 6600 is a child under the age of 14 and the offending act or acts involved substantial sexual conduct, the offense shall constitute a 'sexually violent offense' for purposes of Section 6600. [¶] (b) 'Substantial sexual conduct' means penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender."

During trial, the People submitted a motion to instruct the jury that "masturbation" as used in section 6600.1's definition of "substantial sexual conduct" includes genital touching that is accomplished over the victim's clothing. Defendant submitted opposition to the motion, arguing that "masturbation" must involve touching of bare skin. Defendant also brought a motion for summary judgment, arguing that there was no evidence he touched any of the victims' bare skin.

The trial court denied defendant's motion for summary judgment, explaining: "I reviewed the cases cited by both sides on the issue. I do not believe that the term 'masturbation,' as used for these purposes, is limited to skin to skin contact. I think that would fly in the face of the purpose of the law, and the reason why we have this law." The trial court further stated that it would come up with an appropriate jury instruction by the end of trial.

The trial court ultimately defined masturbation as follows: "Masturbation means any touching or contact, however slight, of the genitals of either the victim or the offender, with the requisite specific intent to arouse, appeal to, or gratify the sexual desires of either party. [¶] To constitute masturbation, it is not necessary that the bare skin be touched. The touching may be through the clothing of the child."

---

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

Defendant contends the above instruction was erroneous because it permitted the jury to find that his prior offenses involved "substantial sexual conduct" based on evidence that he touched the minors' genitals through their clothing.

In *People v. Chambless* (1999) 74 Cal.App.4th 773, 783 [88 Cal.Rptr.2d 444], the court concluded that "the definition of masturbation under the Act encompasses any touching or contact, however slight, of the genitals of either the victim or the offender, with the requisite intent . . . ." The *Chambless* court did not consider whether such touching had to involve contact with the victim or offender's skin.

In *People v. Whitlock* (2003) 113 Cal.App.4th 456, 463 [6 Cal.Rptr.3d 389], the court considered the exact issue presented in the instant case and concluded that "[n]either *Chambless* nor the SVPA requires the touching or contact of bare skin. *Chambless* repeatedly refers to masturbation as *any* genital touching. [Citation.] The focus is not on the amount of the contact but rather whether genital contact was made. [Citation.] Whether the genital touching occurs over clothing is not determinative. Masturbation as it is defined in *Chambless* and is commonly understood can occur under clothing and over clothing."

The court in *Whitlock* further found that a "skin-to-skin requirement would be contrary to the 'Legislature's express intent to provide additional protection under the [SVPA] for underage children from those "predispose[d] . . . to the commission of criminal sexual acts." [Citations.]' [Citation.] Children are particularly vulnerable to sex offenders. Requiring skin-to-skin contact for qualifying prior convictions would not advance the Legislature's purpose of protecting children." (*People v. Whitlock, supra,* 113 Cal.App.4th at p. 463.)

Defendant argues that *Whitlock* was wrongly decided. He points out that in every other published case involving issues relating to "substantial sexual conduct," there was evidence of skin-to-skin touching. However, "[t]he lack of case law on this point may simply indicate that the question has not come up before in this particular context." (*People v. Whitlock, supra,* 113 Cal.App.4th at p. 463.)

Defendant contends that the Legislature could have specified that "substantial sexual conduct" includes masturbation accomplished through the clothing of the victim or offender. He notes that in 1992, 1993, and 1994, the Legislature considered, but rejected, amendments to Penal Code section 1203.066, subdivision (b) to include such a definition. However, the Legisla-

ture's failure to pass the proposed amendments is not determinative of whether the term "masturbation" included touching accomplished through clothing. The Legislature may have rejected the proposed statutory amendments for any number of reasons. "In construing statutes, it is generally more fruitful to examine what the Legislature has done than what it has not done. [Citation.] '[L]egislative inaction is a weak reed upon which to lean . . . .' [Citation.]" (*People v. King* (1993) 5 Cal.4th 59, 77 [19 Cal.Rptr.2d 233, 851 P.2d 27].)

■ We agree with the court in *Whitlock* that the term "masturbation" includes any touching or contact of the genitals of either the victim or the offender, *whether over or under clothing*, with the requisite intent. Skin-to-skin contact is not required. We also agree with the *Whitlock* court's observation that a "skin-to-skin requirement would be contrary to the 'Legislature's express intent to provide additional protection under the [SVPA] for underage children from those "predispose[d] . . . to the commission of criminal sexual acts." [Citations.]' [Citation.]" (*People v. Whitlock, supra,* 113 Cal.App.4th at p. 463.)

We conclude that the trial court properly instructed the jury when it told the jury that "[t]o constitute masturbation, it is not necessary that the bare skin be touched. The touching may be through the clothing of the child." Moreover, the record contains evidence that defendant *did* touch the skin of each victim's penis. Although Raul denied that skin-to-skin contact occurred, his brother Gerardo asserted that defendant did touch both of them on the skin. The evidence showed that Raul was embarrassed when making the report. Dr. Korpi testified that it is common for a victim to be reluctant to provide such "lurid details."

Defendant presents an alternative argument: that the SVPA's definition of "substantial sexual conduct" is unconstitutionally vague as applied to him because it fails to define "masturbation."

"[A] law that is 'void for vagueness' not only fails to provide adequate notice to those who must observe its strictures, but also 'impermissibly delegates basic policy matters to police [officers], judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.' " (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1116 [60 Cal.Rptr.2d 277, 929 P.2d 596], quoting *Grayned v. City of Rockford* (1972) 408 U.S. 104, 108–109 [33 L.Ed.2d 222, 92 S.Ct. 2294].) However, a "statute will not be held void for vagueness 'if

any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.' " (*People ex rel. Gallo*, at p. 1117.)

In *People v. Chambless, supra,* 74 Cal.App.4th at page 784, the court noted that there was no "legal definition for the term 'masturbation.' Rather, such word appears to have been used simply in its commonly understood meaning to describe the touching of one's own or another's private parts without quantitative requirement for purposes of defining conduct that was lewd or sexually motivated." The court further noted that "the word 'masturbation is defined in Webster's New World Dictionary (Third College ed. 1988) page 833 as a manipulation of "one's own genitals, or the genitals of (another) for sexual gratification." ' The American Heritage Dictionary (new college ed. 1981) at page 805 defines masturbation as '[e]xcitation of the genital organs . . . by means other than sexual intercourse.' " (*Ibid.,* fn. 16.)

Defendant takes issue with the *Chambless* court's conclusion that there is a "commonly understood meaning" for the term "masturbation." He cites to *United States v. Ramirez* (1986) 21 M.J. 353, a United States Military Court decision that lists several additional definitions of the term. That court stated: "[M]asturbation is defined as '[s]elf-stimulation of the genital organs for purposes of sexual pleasure.' II R. Goldenson, Ph.D., *The Encyclopedia of Human Behavior: Psychology, Psychiatry, and Mental Health* 754 (1970). It is also defined as 'the induction of erection and the obtaining of sexual satisfaction, in either sex, from manual or other artificial mechanical stimulation of the genitals.' H. English & A. English, *A Comprehensive Dictionary of Psychological and Psychoanalytical Terms* 306 (1958). In *Commonwealth v. Gary,* 193 Pa.Super. 111, 163 A.2d 696, 697 (1960), the definition of masturbation from *Webster's New International Dictionary* (2d ed.), was quoted as follows: 'to perform masturbation of (self or passive subject); to practice sexual self-gratification; production of an orgasm by excitation of the genital organs, as by manipulation or friction, without heterosexual intercourse.' " (*United States v. Ramirez, supra,* 21 M.J. at pp. 354–355.)

Defendant claims that "the use of terms like 'manipulation' and 'excitation' " in the dictionary definitions "tend[s] to suggest that something more than slight touching over clothing is contemplated." We disagree. Words such as "manipulation" and "excitation" do not provide the basis for including a quantitative element to the amount of touching that would constitute masturbation. Moreover, since the instruction in this case told the jury that

the touching had to be done with the "requisite specific intent to arouse, appeal to, or gratify the sexual desires of either party," the component of manipulation or excitation was acknowledged.

■ The definitions of the term "masturbation" cited in the above cases are similar to one another and support the *Chambless* court's conclusion that there *is* a commonly understood meaning of the term. None of the above definitions limit masturbation to skin-to-skin touching and in no way do these definitions indicate that masturbation does not include a slight touching accomplished over the clothing. Given the common understanding of the term "masturbation" to include any genital touching, even through clothing, we decline to find that the SVPA's definition of "substantial sexual conduct" is unconstitutionally vague as applied to defendant.

## B. *Definition of "Mental Disorder"*

Defendant contends the SVPA violates his right to equal protection as guaranteed by the federal constitution (U.S. Const., 14th Amend.) because the Act's definition of "mental disorder" is more broad than the definition of "mental disorder" contained in the Mentally Disordered Offenders (MDO) Act.

In order to be committed under the SVPA, a person must have "a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600, subd. (a)(1).) A "diagnosed mental disorder" is defined as including "a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others." (§ 6600, subd. (c).)

In order to be committed under the MDO Act, a person must have "a severe mental disorder that is not in remission or cannot be kept in remission without treatment." (Pen. Code, § 2962, subd. (a).) A "severe mental disorder" is defined as "an illness or disease or condition that substantially impairs the person's thought, perception of reality, emotional process, or judgment; or which grossly impairs behavior, or that demonstrates evidence of an acute brain syndrome for which prompt remission, in absence of treatment, is unlikely." (*Ibid.*) The MDO Act specifies that the term "severe mental disorder" "does not include a personality or adjustment disorder, epilepsy, mental retardation or other developmental disabilities, or addiction to or abuse of intoxicating substances." (*Ibid.*)

In *People v. Hubbart* (2001) 88 Cal.App.4th 1202 [106 Cal.Rptr.2d 490], we rejected the claim that the different standards create an equal protection violation: "[B]oth the SVPA and the MDO law require that the person suffer from a mental disorder rendering them dangerous beyond their control. While phrased differently, the two schemes set forth similar standards for the mental disorder necessary for commitment. The two schemes do not treat the committed person differently for purposes of defining the requisite mental disorder. We conclude the SVPA does not violate equal protection in this respect. [Citations.]" (*Id.* at pp. 1218–1219.)

Defendant recognizes that this court and others have rejected his argument, and he explains that he raises it here simply to preserve the argument for further review in the federal courts. We note that the Ninth Circuit recently addressed this issue in a habeas proceeding and reached the same conclusion as we did, finding no equal protection violation. (*Hubbart v. Knapp* (9th Cir. 2004) 379 F.3d 773.)

## III. DISPOSITION

The judgment is affirmed.

Premo, Acting P. J., concurred.

**WALSH, J.,** Concurring.—I concur not only in the result but also in the reasoning in this case, with the exception of the discussion of *People v. Chambless* (1999) 74 Cal.App.4th 773 [88 Cal.Rptr.2d 444] (*Chambless*). I agree with the majority that "substantial sexual conduct" includes masturbation accomplished through clothing. (Welf. & Inst. Code, § 6600.1, subd. (a).) I write separately because *Chambless* presents a difficult definitional problem. In my view, the adoption of the phrase "any touching or contact, however slight, of the genitals" (*Chambless, supra,* at p. 783) suggests a doubtful minimum standard of "substantial sexual conduct." The *Chambless* definition would permit finding "substantial sexual conduct" in simple misdemeanor lewd conduct, the elements of which include "the touching of genitals." (CALJIC No. 16.400.)

I do not believe that invoking this standard from *Chambless* is necessary in light of the strong evidence of substantial sexual conduct in this case. Clearly, the conduct of the defendant here, however defined, was abhorrent. But, we must mean what we say and must assume that the Legislature does so as well. To apply the standard "any touching . . . , however slight," contradicts the Legislature's requirement of "*substantial* sexual conduct." An appellate court's role in statutory construction is a conservative one. Our function in construing a statute is simply "to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted." (Code Civ. Proc., § 1858.) The Legislature has set the standard at "substantial"; it should not be transmuted to "slight."

Appellant's petition for review by the Supreme Court was denied February 16, 2005.