[No. H029248. Sixth Dist. Dec. 21, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
ELIJAH SAMSON LOPEZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(c) and 8.1110, this opinion is certified for publication with the exception of part III.B.

COUNSEL

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Seth K. Schalit and Bridget Billeter, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BAMATTRE-MANOUKIAN, Acting P. J.—**

## I.  INTRODUCTION

Defendant Elijah Samson Lopez appeals from an order of the trial court recommitting him to the Department of Mental Health for a period of two years under the Sexually Violent Predators Act (SVPA). (Welf. & Inst. Code, § 6600 et seq.)[1]

Defendant raises two issues on appeal: (1) the trial court erred in instructing the jury that as a matter of law defendant had suffered the requisite qualifying prior convictions; and (2) ineffective assistance of counsel, consisting of defense counsel's failure to object on proper grounds to the admission of the prior trial testimony of Joseph, a victim witness.

For reasons that we will explain, we find no error and therefore we will affirm the recommitment order.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Procedural History*

In 1990, defendant pleaded no contest to two counts of committing a lewd and lascivious act on a child. (Pen. Code, § 288, subd. (a).) The two victims were brothers Raul (age 11 or 12) and Gerardo (age 9). About a year after his release from prison in 1993, defendant was arrested and his parole was revoked as the result of an incident where he allegedly touched the penis and testicles of Mark (age 15). In 2000, defendant was arrested for failure to

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

register as a sex offender. (*People v. Lopez* (2004) 123 Cal.App.4th 1306, 1308 [20 Cal.Rptr.3d 801] (*Lopez I*).)

On December 3, 2001, the District Attorney of Santa Clara County filed a petition to commit defendant under the SVPA. At trial, two psychologists, Dr. Douglas Korpi and Dr. Jack Vognsen, testified that defendant suffered from paraphilia, a sexual disorder characterized by an interest in sex with children. A victim witness, Joseph, testified regarding an uncharged incident in 1990, when he was 19 years old. During that incident, Joseph woke up and found defendant orally copulating him. Defendant also testified at trial. He denied sexual contact with any of the victims. (*Lopez I, supra*, 123 Cal.App.4th at pp. 1308–1309.)

The jury found defendant to be a sexually violent predator and the trial court committed defendant to the Department of Mental Health for a period of two years, from July 16, 2003, to July 16, 2005. (*Lopez I, supra*, 123 Cal.App.4th at p. 1309.) We affirmed defendant's commitment in *Lopez I, supra*, 123 Cal.App.4th at page 1315.

On March 14, 2005, the district attorney filed a petition to extend defendant's commitment as a sexually violent predator for an additional two-year period, from July 16, 2005, to July 16, 2007. Defendant waived his right to a probable cause hearing on the recommitment petition. On March 30, 2005, the trial court found there was probable cause to believe that defendant had been convicted of a qualifying sexual offense against at least two victims, that he had a diagnosable mental disorder, that the disorder made it likely that defendant would engage in sexually violent criminal conduct if released, and the sexually violent criminal conduct would be predatory in nature.

### B. *Jury Trial*

The jury trial on the recommitment petition began on July 28, 2005. During motions in limine, the trial court considered the People's motion to "estop respondent from arguing the validity of his two predicate convictions." In the motion, the People argued that the doctrine of collateral estoppel precluded relitigation of the validity of defendant's two prior convictions, since the jury had decided that issue during defendant's first SVPA trial. The trial court granted the motion and subsequently instructed the jury that the court had determined that defendant had suffered the requisite qualifying prior convictions and the jury was not to decide the issue.

The trial court also considered during motions in limine the status of Joseph, a victim witness. Joseph's attorney advised the trial court that Joseph

was presently confined at Atascadero State Hospital because he had been found incompetent to stand trial in a double homicide case. Additionally, Joseph's attorney stated that she would assert his Fifth Amendment right not to incriminate himself if he were called to testify in the SVPA trial. The trial court ruled that Joseph would not be required to testify. Over defendant's objection, a transcript of Joseph's prior trial testimony was subsequently read to the jury. The only witness who testified in person was Dr. Vognsen, as the transcript of defendant's testimony during his first SVPA trial was also read to the jury. A brief summary of the testimony of each witness follows.

### 1. *Dr. Vognsen*

Dr. Vognsen is a clinical psychologist who has conducted more than 350 sexually violent predator evaluations. His four evaluations of defendant include an initial evaluation in 2001, an updated evaluation in 2003, a recommitment evaluation in 2005, and an updated recommitment evaluation, also in 2005. To evaluate defendant, Dr. Vognsen reviewed his records, including Department of Mental Health records, criminal records, hospital records, and the reports of other evaluators, as well as the results of the Hare Psychopathy Checklist, the Static 99 and RRASOR (Rapid Risk Assessment for Sex Offender Recidivism) instruments for predicting sex offender recidivism. Among other things, Dr. Vognsen determined that sexuality was a driving force behind defendant's behavior, which led him to behave illegally and incautiously. Dr. Vognsen also found the incident involving 19-year-old Joseph to be important to his diagnosis, because defendant had orally copulated Joseph against his will. Similarly, the incident involving 15-year-old Mark was significant because defendant sexually molested Mark on the pretext of giving him a massage.

However, on cross-examination Dr. Vognsen acknowledged that there were problems with Joseph's credibility. Dr. Vognsen noted that Joseph was psychotic and incompetent to stand trial for the two murders. Joseph had also been confined at Atascadero State Hospital for over one and one-half years and had been diagnosed as a paranoid schizophrenic.

Dr. Vognsen concluded that there was a high risk that defendant would reoffend if he were to be released into the community without treatment, based on defendant's scores on the Static 99 and RRASOR risk assessment instruments.

### 2. *Testimony of Defendant*

A transcript of defendant's testimony in the July 2003 trial on the first SVPA petition was read to the jury. Defendant was present in court and did not object to the reading of his prior testimony.

In his testimony of July 14, 2003, defendant stated that he has had four sexual partners, and denied telling Dr. Korpi that he has had 150 sexual partners. Defendant also stated that he identified as a straight male, with only two homosexual contacts. He denied having any sexual contact with Raul and Gerardo in 1990, explaining that while they were at the drive-in movie theater he merely reached into Gerardo's pocket to retrieve a $10 bill, while Raul remained in the backseat of the car the whole time.

On another occasion, defendant touched Raul on his back over his clothing, without any sexual intent, and did not touch Raul's penis as reported by Gerardo. Defendant also gave Raul a "prolonged hug," which he called a mistake in judgment. Defendant pleaded no contest to the charges involving Raul and Gerardo because he was forced to plea bargain when his family ran out of money to pay his attorney.

While defendant was in prison, he had one homosexual experience. Defendant was released from prison in 1993. In 1994, he met a 15-year-old boy named Mark, whose girlfriend was a regular client at defendant's hair salon. Defendant gave Mark a pressure point massage at the front desk of the salon, while Mark was fully clothed. Defendant was aware that Mark told police that defendant had touched his penis and testicles. However, defendant pointed out that he was subsequently prosecuted for failing to register as a sex offender, not for the incident involving Mark.

Defendant also denied having any sexual contact with Joseph. According to defendant, he took Joseph to a fashion show competition that defendant won. They celebrated at a relative's house where defendant left Joseph at his request. Defendant did not orally copulate Joseph at the house.

Defendant admitted using phencyclidine (PCP) several times and being convicted on PCP-related charges in 1990 and 2001.

### 3. *Testimony of Joseph*

A transcript of Joseph's testimony from the July 2003 trial on the first SVPA petition was also read to the jury.

Joseph testified that he was 18 or 19 years old when he met defendant. In June 1990, defendant asked Joseph to be a model in a hair fashion show. Defendant cut Joseph's hair and afterwards they celebrated winning the hair show by drinking at a friend's house. During the celebration Joseph fell asleep in the living room. When he woke up defendant was orally copulating him. Joseph did not tell a police officer about the incident until June 2003.

### 4. *Jury Verdict*

On August 8, 2005, the jury found true the petition alleging that defendant was a sexually violent predator within the meaning of section 6600. Thereafter, the trial court committed defendant to the Department of Mental Health for a two-year period commencing July 16, 2005.

## III. DISCUSSION

### A. *Instructional Error*

Defendant's first argument on appeal is that the trial court erred by instructing the jury that the court had determined that defendant had suffered the requisite qualifying prior convictions and the jury was not to decide the issue.

#### 1. *Background*

■ Under the SVPA, proof that a person is a sexually violent predator requires a threshold showing that the person "has been convicted of a sexually violent offense against two or more victims." (Former § 6600, subd. (a)(1); see *People v. Otto* (2001) 26 Cal.4th 200, 205 [109 Cal.Rptr.2d 327, 26 P.3d 1061] (*Otto*).) Where, as here, the victims are children under the age of 14 and the offending act or acts involved substantial sexual conduct, section 6600, subdivision (a) provides that the offense constitutes a "sexually violent offense" for purposes of section 6600. " 'Substantial sexual conduct' " means "penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender." (Former § 6600.1, subd. (b); see *People v. Fraser* (2006) 138 Cal.App.4th 1430, 1443 [42 Cal.Rptr.3d 424].)

In the present case, the People relied on the doctrine of collateral estoppel when they brought a motion in limine to bar defendant from litigating the issue of whether he had been convicted of the requisite qualifying prior convictions, on the ground that the jury had decided the identical issue during defendant's 2003 trial. The trial court granted the People's motion and thereafter gave a modified version of CALJIC No. 4.19 that included the following language: "As a matter of law the court has determined that [defendant] has suffered the requisite qualifying prior convictions. This is not an issue for the jury to decide."

#### 2. *The Parties' Contentions*

Defendant acknowledges that other appellate courts have stated that the doctrine of collateral estoppel is applicable in SVPA proceedings, citing

*People v. Munoz* (2005) 129 Cal.App.4th 421 [28 Cal.Rptr.3d 295] and *Turner v. Superior Court* (2003) 105 Cal.App.4th 1046 [130 Cal.Rptr.2d 300]. However, defendant asserts that these cases were wrongly decided, because due process requires a jury determination in each trial of all elements of the allegation that he is a sexually violent predator within the meaning of section 6600 et seq., including the threshold element of qualifying prior convictions.

Defendant also contends that the defective instruction amounted to an improper directed verdict and "more [than] like[ly] made the difference for the jury on the SVP allegation." For that reason, defendant insists that the trial court's instructional error was not harmless beyond a reasonable doubt and the judgment must be reversed.

The record does not show that defendant opposed the People's motion in limine or objected to the modified version of CALJIC No. 4.19. The People therefore respond that defendant has waived his claim of instructional error on appeal. Alternatively, the People argue that defendant's claim has no merit. In their view, the doctrine of collateral estoppel is applicable in a civil commitment proceeding under the SVPA and does not violate defendant's due process rights. They point out that defendant pleaded guilty to the sex offenses involving victims Raul and Gerardo and had the opportunity to correct the factual record pertaining to those offenses in the underlying criminal proceedings.

Additionally, the People note that defendant was represented by counsel in the prior commitment proceeding where the validity of the qualifying prior convictions was fully litigated, including defendant's testimony that he had no sexual contact with Raul and Gerardo. Finally, the People dispute defendant's contention that the purported instructional error was prejudicial, since defendant failed to show that the jurors would not have found the requisite qualifying prior convictions if they had been presented with the relevant documentary evidence.

### 3. *Analysis*

█ We determine that defendant's claim of instructional error lacks merit and therefore we need not address the issue of waiver. Our analysis begins with a review of the doctrine of collateral estoppel. "Under collateral estoppel, an issue tried and determined in one proceeding is given conclusive effect in subsequent litigation between the same parties or their privies. [Citations.] However, the estoppel effect of a judgment extends only to the facts in issue as they existed at the time the prior judgment was rendered. [Citation.]" *(People v. Carmony* (2002) 99 Cal.App.4th 317, 322 [120 Cal.Rptr.2d 896].)

■ Collateral estoppel applies when the following requirements are met: " ' "First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." [Citation].' [Citation.]" (*Turner v. Superior Court, supra*, 105 Cal.App.4th at p. 1058.)

Under these requirements, we find that the doctrine of collateral estoppel may be applied to the issue of whether defendant has been convicted of a sexually violent offense against two or more victims as mandated by the SVPA (former § 6600, subd. (a)(1)) for a finding that defendant is a sexually violent predator. First, the same prior convictions, two counts of committing a lewd and lascivious act on a child (Pen. Code, § 288, subd. (a)) with two victims, Raul and Gerardo, were alleged in the original commitment petition and the recommitment petition. Therefore, the issue of whether defendant suffered the requisite qualifying prior convictions was identical in both proceedings.

Second, the issue of whether defendant suffered the requisite qualifying prior convictions was fully litigated in his first SVPA proceeding, which included defendant's denial of the charges and his unsuccessful appellate challenge to the validity of the convictions. (*Lopez I, supra*, 123 Cal.App.4th at p. 1312.) Third, the issue was necessarily decided in the former proceeding, because proof of qualifying prior convictions is required for a finding that a person is a sexually violent predator, pursuant to section 6600, subdivision (a)(1). Fourth, the decision in the former proceeding that defendant is a sexually violent predator within the meaning of section 6600 et seq. was final and on the merits. Finally, the party against whom the People seek preclusion was obviously the same party, defendant, in both SVPA proceedings.

■ We are not convinced by defendant's argument that the application of collateral estoppel in SVPA proceedings violates due process. A defendant in an SVPA proceeding is entitled to due process protections because civil commitment involves a significant deprivation of liberty. (*Otto, supra*, 26 Cal.4th at p. 209.) However, "due process under the [SVPA] is not measured by the rights accorded a defendant in criminal proceedings, but by the standard applicable to civil proceedings." (*People v. Superior Court (Howard)* (1999) 70 Cal.App.4th 136, 154 [82 Cal.Rptr.2d 481].)

■ The California Supreme Court in *Otto* applied four factors to determine what process is due in an SVPA proceeding: "(1) the private interest

that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail; and (4) the dignitary interest in informing individuals of the nature, grounds, and consequences of the action and in enabling them to present their side of the story before a responsible government official." (*Otto*, *supra*, 26 Cal.4th at p. 210.)

■ Following our Supreme Court's instruction in *Otto*, we apply the four factors listed above to determine whether due process is violated when the doctrine of collateral estoppel is applied in an SVPA proceeding to the issue of whether a defendant has suffered the requisite qualifying prior convictions. "First, we recognize that the private interests affected by civil commitment under the SVPA include liberty, reputation, and freedom from unwanted treatment. [Citation.]" (*People v. Fraser, supra*, 138 Cal.App.4th at p. 1447.)

■ Second, we find that application of collateral estoppel to the issue of qualifying prior convictions does not present a significant risk of erroneous deprivation of a defendant's liberty interest, where, as here, the convictions were based on no contest pleas. Moreover, in addition to proving the requisite qualifying prior convictions, the People must prove that the defendant currently suffers a diagnosed mental disorder that make him or her dangerous in that he or she is likely to engage in sexually violent criminal behavior. (§ 6600 et seq.; *People v. Roberge* (2003) 29 Cal.4th 979, 984 [129 Cal.Rptr.2d 861, 62 P.3d 97].)

Third, the government's interest favors the application of collateral estoppel to the issue of qualifying prior convictions because repetitive litigation of the issue would be reduced.

(8) Fourth, the application of collateral estoppel does not impact defendant's dignitary interest, because defendant had the opportunity to litigate the issue of the qualifying prior convictions and present his side of the story in the first SVPA proceeding. Thus, under the *Otto* factors we determine that the application of the doctrine of collateral estoppel in an SVPA proceeding to the issue of whether defendant has suffered the requisite qualifying prior convictions, where those convictions were based on no contest pleas, does not violate due process.

■ We also reject defendant's contention that the jury instruction in question amounted to an improper directed verdict. Pursuant to Code of Civil Procedure section 630, "[t]he court may direct the jury in a civil case to enter a particular verdict." (*People v. Williams* (2001) 25 Cal.4th 441, 451, fn. 6 [106 Cal.Rptr.2d 295, 21 P.3d 1209].) " ' "A directed verdict may be granted, when, disregarding conflicting evidence, and indulging every legitimate inference which may be drawn from the evidence in favor of the party against whom the verdict is directed, it can be said that there is no evidence of sufficient substantiality to support the verdict in favor of such party." ' [Citation.] 'The order of the court granting the motion for directed verdict is effective without any assent of the jury.' (Code Civ. Proc., § 630, subd. (e).) 'Thus, the matter is *never submitted* to the jury. The clerk simply enters whatever verdict is directed by the court.' [Citation.]" (*People v. Ceja* (2003) 106 Cal.App.4th 1071, 1081, fn. 4 [131 Cal.Rptr.2d 601].)

We do not believe that the jury instruction at issue in the present case constituted a directed verdict. By instructing the jury that the trial court had determined as a matter of law that defendant had suffered the requisite qualifying prior convictions and the jury was not to decide the issue, the court did not expressly or implicitly direct a verdict because only one element of the sexually violent predator determination was removed from the jury's consideration.

■ Moreover, as one appellate court has observed, "[a]lthough predicate offenses must be proved and may be considered, they play a limited role in the SVP determination: 'Jurors shall be admonished that they may not find a person a sexually violent predator based on prior offenses absent relevant evidence of a currently diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.' [Citations.]" (*People v. Carmony, supra,* 99 Cal.App.4th at p. 325.) Thus, the jurors in the present case necessarily decided the "pivotal" issue of defendant's "current mental condition and dangerousness" when they found that defendant was a sexually violent predator, without any direction from the trial court. (*Ibid.*)

Finally, we note that our analysis is consistent with those decisions in which the doctrine of collateral estoppel was applied in the context of a mentally disordered offender (MDO) proceeding. Like an SVPA proceeding, an MDO proceeding is civil in nature. (*People v. Hannibal* (2006) 143 Cal.App.4th 1087, 1092 [49 Cal.Rptr.3d 645].) A prisoner may be committed for treatment as an MDO as a condition of parole if the People prove that several criteria are met, including "the defendant's 'severe mental disorder

was one of the causes of or was an aggravating factor in the commission of a crime [the qualifying offense] for which the prisoner was sentenced to prison.' " (*People v. Parham* (2003) 111 Cal.App.4th 1178, 1181–1182 [4 Cal.Rptr.3d 609]; see Pen. Code, § 2962, subd. (b).)

In *People v. Francis* (2002) 98 Cal.App.4th 873 [120 Cal.Rptr.2d 90], the defendant argued that under the doctrines of res judicata and collateral estoppel his mental state could not be relitigated in a second MDO proceeding because in the first MDO proceeding the trial court found that defendant did not suffer from the requisite severe mental disorder. The court in *Francis* agreed, stating that "[b]ecause this element is incapable of change, it may not be relitigated." (*Id.* at p. 879.) Accordingly, "where a trial court has found that a severe mental disorder was not an aggravating factor in the commission of the crime, the People are precluded from seeking a second MDO determination based on the same underlying offense." (*Ibid.*; see also *People v. Parham, supra,* 111 Cal.App.4th at p. 1182 [same].)

The threshold element in a sexually violent predator determination under the SVPA is similarly incapable of change. As we have discussed, the People must prove at the outset that the person "has been convicted of a sexually violent offense against two or more victims." (Former § 6600, subd. (a)(1); see *Otto, supra,* 26 Cal.4th at p. 205.) The factual circumstances underlying the prior convictions occurred in the past and therefore are not subject to change. Thus, the defendant in an SVPA proceeding may be precluded under the doctrine of collateral estoppel from litigating the issue of whether his or her prior convictions constitute "a sexually violent offense against two or more victims" within the meaning of former section 6600, subdivision (a)(1), where the issue was decided in the People's favor in a prior SVPA proceeding.

Accordingly, we conclude that the trial court did not err when it instructed the jury that the court had determined as a matter of law that defendant had suffered the requisite qualifying prior convictions and the jury was not to decide the issue.

B. *Ineffective Assistance of Counsel*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[*]See footnote, *ante,* page 1263.

## IV.  DISPOSITION

The order committing defendant Elijah Samson Lopez to the Department of Mental Health as a sexually violent predator is affirmed.

Mihara, J., and McAdams, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 25, 2007, S149688.