NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE WRIGHT,

Petitioner - Appellant,

v.

CLIFF ALLENBY, Acting Director,
Department of Mental Health; et al.,

Respondents - Appellees.

No. 10-55568

D.C. No. 5:08-cv-00274-R-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued January 10, 2013
Submitted June 14, 2013
Pasadena, California

Before: REINHARDT, WARDLAW, and PAEZ, Circuit Judges.

George Wright appeals the dismissal of his petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, challenging his confinement as a Sexually

Violent Predator ("SVP"). *See* Cal. Welf. & Inst. Code § 6600(a)(1) *et. seq.*

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(1996). Wright raises six claims. He contends that (1) the state court violated his federal due process right by concluding that he was barred by the doctrine of res judicata from challenging his alleged 1968 conviction, which was a predicate for the jury's determination that he was an SVP; (2) there was insufficient evidence to establish his 1968 felony conviction; (3) the state trial court lacked jurisdiction over the State's 2003 SVP petition because the State improperly relied upon a non-existent prior felony conviction, namely the 1968 offense; (4) the State withheld evidence relating to the 1968 conviction; (5) his procedural due process rights were violated when the State failed to prove that he had acquired two valid predicate prior felony convictions; and (6) the state court violated his due process rights by arbitrarily refusing to submit to the jury the issue of whether his 1968 charge resulted in a conviction. Although Wright characterizes these six theories as distinct claims, they largely boil down to a single contention: his 2003 civil commitment was unlawful because he does not have two prior convictions as required by California's SVP law. We disagree and affirm.[1]

**1.** Although Wright argues that the state court's res judicata finding constituted a due process violation, his allegations amount to an assertion that the

---

[1] Our review of Wright's § 2254 federal habeas petition is circumscribed by the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2241 *et seq*.

state court erred in applying state res judicata law. In a habeas proceeding such as this, we may not correct errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Nor can Wright argue that he was denied due process by not having a "full and fair opportunity" to contest the validity of the 1968 conviction in his 1999 commitment proceedings, *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995), as he was represented by counsel in the 1999 proceedings and made a knowing and voluntary decision to admit the allegations in the State's petition.

**2.** Irrespective of whether the state court of appeal's sufficiency of the evidence finding was unreasonable, Wright's challenge is foreclosed by the court's res judicata determination. Wright failed to challenge the sufficiency of the evidence when he was committed pursuant to SVP proceedings on two prior occasions, the legal effect of which was to have established the conviction for the purposes of his 2003 SVP proceedings.

**3.** Wright's claim that the trial court lacked jurisdiction over the 2003 SVP petition constitutes a repackaging of his central argument that the court erred in

finding the 1968 charge resulted in a conviction. Accordingly, it fails for the same reasons.

**4.** Wright's fourth claim is that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding records that revealed the 1968 charge was dismissed in 1975. This claim fails because Wright has offered no explanation for why he was unable to access these publicly available and self-evidently relevant documents. *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991).

**5.** Wright's contention—that he was denied the procedural safeguard contained in the SVP statute requiring that an offender be "convicted of a sexually violent offense against two or more victims"—is misplaced.[2] The state court's analysis correctly presumed that a conviction for offenses against at least two victims was required. The state court merely concluded that the prosecution sufficiently demonstrated that Wright satisfied the terms of the statute, having been convicted of a sexually violent offense in 1968 and in 1989. Our analysis of that

---

[2] When the State filed the 2003 SVP petition, it had to prove that (1) Wright suffered from "a diagnosed mental disorder that makes [him] a danger to the health and safety of others in that it is likely that he . . . will engage in sexually violent criminal behavior" and (2) he had been "convicted of a sexually violent offense against two or more victims." Cal. Welf. & Inst. Code § 6600(a)(1) (1996), *amended by* Prop. 83, § 27, approved Nov. 7, 2006; *Hubbart v. Super. Ct.*, 969 P.2d 584, 588 (Cal. 1999).

4

issue is therefore foreclosed by the California state court's application of its res judicata doctrine.

**6.** Lastly, the state court's refusal to submit the issue of whether Wright's 1968 charge resulted in a conviction to the jury was not arbitrary because California law expressly confers upon trial courts the authority to conclude that such a fact is res judicata in a later proceeding. *See, e.g.*, *People v. Munoz*, 28 Cal. Rptr. 3d 295, 302 n.3 (Cal. Ct. App. 2005); *see also People v. Lopez*, 53 Cal. Rptr. 3d 549, 557–58 (Cal. Ct. App. 2006).[3]

**AFFIRMED.**

_____

[3] Wright also presented two uncertified issues for our review. We have examined them and conclude they do not meet the standard for granting a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). These claims challenge California's new civil commitment statute, which Wright has not been subject to. Although under this revised law Wright may be civilly committed as an SVP if he has committed a sexually violent offense against only one victim, *see* Cal. Welf. & Inst. Code § 6600(a)(1) (2006), the new law also requires that Wright be subject to a new psychological evaluation by two physicians who must agree that despite his being over 70 years of age, he is likely to engage in acts of sexual violence if he does not receive appropriate treatment. *Id*. at § 6601(d) (2012).