Filed 4/20/16  P. v. Gonzalez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SALVADOR MARGARITO GONZALEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B256982<br>(Super. Ct. No. 2011032303)<br>(Ventura County) |

Salvador Margarito Gonzalez appeals his conviction by jury of five counts of lewd acts on a child (Pen. Code, § 288, subd. (a))[1] with special findings that he engaged in substantial sexual conduct (§ 1203.066, subd. (a)(8)) and committed lewd acts against multiple victims (§ 667.61, subd. (b)) and that the offenses were timely prosecuted (§ 801.1, subd. (a)).  The trial court sentenced appellant to consecutive 15-year-to-life prison terms, (§ 667.61, subd. (b)), for an aggregate sentence of 75 years to life, and ordered appellant to have no contact with the victims who are now adults.  We modify the judgment to strike the no-contact order and award appellant 1,145 days custody credit (996 days actual custody plus 149 days conduct credit).  The judgment, as modified, is affirmed.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

*Facts and Procedural History*

In 2011, Ana R. (age 24) reported that appellant sexually molested her when she was 9 to 11 years old. (Counts 1-2; 1996-1999). Ana estimated that appellant touched her more than seven times and testified about two incidents. The first incident occurred at 224 McKinley Avenue, Oxnard, in the garage. Appellant touched Ana's breast, rubbed her vagina, and put his finger inside her vagina.

A month later, appellant visited Ana's house and gestured for Ana to come in her brother's bedroom. Appellant touched her breasts, had her kneel between his legs, and tried to put his penis into her mouth. Ana resisted. Appellant said, "Come on, Come On" and put her hand on his erect penis and had her stroke it. Crying, Ana ran off and told her mother that "Chava [appellant] is in the bedroom. He's doing things he's not supposed to." Ana's mother was busy cooking and did not respond.

*Marisol R. and Ruby V.*

Appellant touched Ana's cousin, Marisol R. (10 to 11 years old), when he was living in a garage on McKinley in Oxnard. (Count 3; 1998-2000.) After appellant started dating Marisol's older sister, Alma, the couple moved to a house on Avila Place in Oxnard. Marisol and her sister, Ruby V., frequently visited and slept over at night. One night, appellant touched Marisol's breast and vagina while she was sleeping on the couch. Marisol screamed and hugged herself tightly with the sheet until appellant went back up stairs. The incident happened in the summer between the fifth and sixth grade.

Ruby V., Marisol's younger sister, was 10 years old and in the fourth grade when appellant molested her. (Counts 4-5; 1998-2001.) Appellant touched her twice at the house on Avila Place. The first incident was in the master bedroom. Ruby awoke to appellant touching her inner thighs and vagina. Scared, Ruby started to cry. Appellant told her to be quiet or he would hurt her sister.

On another occasion, Ruby tried to hide under a twin bed. Appellant grabbed Ruby by the leg, pulled her out, and rubbed her inner thighs and vagina. Ruby cried until he stopped.

*Confession*

Agustin V., Marisol's and Ruby's older brother, learned about the sexual molestation ten years later and confronted appellant at a September 3, 2011 family meeting. Appellant said that he probably touched Ana, but denied touching Marisol or Ruby. After the police arrived, appellant told Oxnard Police Officer Roque Rivera that "all he did was touch them" on the breast and groin area.

On September 7, 2011, appellant told Detectives Rachel Burr and Juanita Suarez that he touched the girls. Appellant said that he touched Ruby two or three times, that he touched Marisol on the breast and vagina three times and that he touched Ana at her home on Marquita Street and in the garage on McKinley. During a break in the interview, appellant wrote an apology letter, asking Ana, Marisol, and Ruby for their forgiveness.

*One Strike Law*

Section 667.61, also known as the "One Strike" law (*People v. Mancebo* (2002) 27 Cal.4th 735, 738), provides for a mandatory sentence of 15 years to life where the prosecution pleads and proves at least one aggravating circumstance specified in section 667.61, subdivision (d) or (e). (*People v. Wutzke* (2002) 28 Cal.4th 923, 930.) ""Unlike an enhancement, which provides for an additional term of imprisonment, [a one strike sentence] sets forth an alternate penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the conditions specified in the statute."' [Citation.]" (*People v. Perez* (2010) 182 Cal.App.4th 231, 239.)

Under the current version of the One Strike law, a violation of section 288, subdivision (a) (nonaggravated lewd conduct) is subject to a one strike sentence if the jury finds that defendant committed the offense against more than one victim. (§ 667.61, subds. (b), (c)(8), (e)(4).) Under the One Strike law in effect at the time the offenses were committed [between August 5, 1996 and June 19, 2001], a conviction for section 288 subdivision (a) involving multiple victims is not enough to trigger one strike eligibility. A one strike sentence also requires a finding that the defendant is not eligible for probation. (See § 667.61, former subd. (c)(7) and § 1203.066, former subd. (c).) To

be eligible for probation five conditions have to be satisfied: (1) defendant must be the victim's natural parent or a member of victim's household who has lived in the household; (2) a grant of probation is in the best interest of the child; (3) defendant's rehabilitation is feasible; (4) defendant has been removed from the household until the court determines that the best interests of the victim would be served by returning defendant to the household; and (5) there is no threat of physical harm to the child victim if probation is granted. (See § 1203.066, former subd. (c)(1)-(5).)

The trial court found that appellant did not qualify for probation and imposed consecutive 15-to-life prison terms. Appellant argues that the sentence violates his Sixth Amendment right to jury trial because the jury made no findings on probation eligibility. (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 488 [120 S.Ct. 2348, 2362]; *Blakely v. Washington* (2004) 542 U.S. 296, 301 [124 S.Ct. 2531, 2536]; *Alleyne v. United States* (2013) __ U.S. __, __ [133 S.Ct. 2151, 2155].) Absent a jury finding on probation eligibility, appellant claims that the trial can only impose a determinate sentence of three, six or eight years state prison on each count. (Former § 288, subd. (a).)

We reject the argument for the reasons expressed in *People v. Benitez* (2005) 127 Cal.App.4th 1274, a one strike case involving the molestation of two children. The Court of Appeal rejected the Sixth Amendment argument that a one strike sentence requires a jury finding that defendant is ineligible for probation. (*Id.*, at p. 1277.) "Finding a defendant ineligible for probation is not a form of punishment, because probation itself is an act of clemency on the part of the trial court. [Citation.] Because a defendant's eligibility for probation results in a *reduction* rather than an increase in the sentence prescribed for his offenses, it is not subject to the rule of *Blakely*. [Citations.]." (*Id.*, at p. 1278.)

Like *Benitez,* the jury convicted appellant of multiple counts of lewd conduct and found that appellant committed the offense against more than one victim, rendering him subject to the One Strike law. There is no Sixth Amendment requirement that the jury consider probation eligibility. "Contrary to [appellant's] contention, we find that the proviso in Penal Code section 667.61, subdivision (c)(7) (that [appellant] is

4

unqualified for probation) is not an element of the [one-strike] enhancement to be negated upon proof to a jury. Rather, it is a legislative grant of authority to the trial court to entertain a request for probation (should [appellant] satisfy the criteria in section 1203.066, subd. (c)) despite eligibility otherwise for sentencing under section 667.61." (*Benitez, supra*, 127 Cal.App.4th at p. 1278.)

*Apprendi/Blakley/Alleyne* is not implicated where all the factual findings for imposition of the "statutory maximum" sentence are made by the jury, i.e., a guilty verdict on a section 228, subdivision (a) count and a true finding that appellant committed the offense against multiple victims. The probation eligibility factors listed in former section 1203.066, subdivision (c) do not increase the maximum sentence but may in the trial court's discretion, reduce the sentence. We accordingly reject the argument that one strike sentence violates appellant's constitution rights. (*Benitez*, *supra*, 127 Cal.App.4th at p. 1278.)

Appellant argues that the trial court abused its discretion in concluding that he was ineligible for probation. In *People v. Wills* (2008) 160 Cal.App.4th 728, the child victim was 22 years old at time of sentencing, which rendered the defendant ineligible for probation. The Court of Appeal held that the trial court had "no authority, and thus no legal discretion, to grant probation" to a presumptively ineligible defendant "in a case in which the molestation victim is no longer a child at time of sentencing." (*Id.*, at p. 740.) Stated another way, the trial court could not find that probation "'is in the best interest of the child' for the simple reason that there is no child." (*Id.*, at pp. 737-738.)

The same principle applies here. All the victims were adults at time of sentencing and the jury found that appellant engaged in "substantial sexual conduct" which, under present law, rendered appellant ineligible for probation. (§ 1203.066, subd. (a)(8).) Under the law in effect at the time of the offenses (§ 1203.066, former subd. (c)), appellant was presumptively ineligible for probation but, in the discretion of the sentencing court, could be placed on probation if, and only if, appellant established all the factors set forth in former section 1203.066, subdivision (c). (See *People v. Groomes* (1993) 14 Cal.App.4th 84, 89 [eligibility for probation must be shown by defendant].)

5

The trial court considered appellant's circumstances, the nature of the offenses, appellant's failure to take responsibility for his crimes, the victims' best interests, and the potential for further harm to the victims. The record shows that appellant was a poor candidate for probation. Before sentencing, appellant told the probation officer that he was only playing and never touched the victims inappropriately. Appellant questioned why the victims took so long to report the molestation. The trial court found that appellant "is not a suitable candidate for probation, and even assuming he met the section 1203.066, subdivision (c) criteria, the court would deny probation . . . ." Appellant makes no showing that the trial court abused its discretion. Probation is not a matter of right but an act of clemency and grace. (*People v. Giordano* (2007) 42 Cal.4th 644, 663, fn. 7.) Absent a showing that the sentence is irrational or arbitrary, it is presumed that the trial court acted to achieve legitimate sentencing objectives. (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 825.) Only in an extreme case should an appellate court interfere with the discretion of the trial court when it denies probation. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.)

*Substantial Sexual Conduct - Masturbation*

Appellant argues that the trial court erred in instructing that substantial sexual conduct with a child includes masturbation which is defined as "any touching or contact, however slight, either on the bare skin or through the clothing, of the genitals of either the victim or the offender." (CALCRIM No. 1193.1 Substantial Sexual Conduct.)[2] Appellant contends that the instruction misstates the law because "substantial sexual

---

[2] Special Instruction CALCRIM 1193.1 stated in pertinent part that "the People must prove: (1) The defendant engaged in substantial sexual conduct with a child; [¶] AND [¶] (2) When he did so, the child was under the age of 14 years. [¶] Substantial sexual conduct means oral copulation or masturbation of either the child or the perpetrator . . . with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the defendant or the child. [¶] Masturbation is any touching or contact, however slight, either on the bare skin or through the clothing, of the genitals of either the victim or the offender."

conduct" under section 1203.066 requires something more than "any touching of the genitals, however slight."

Appellant forfeited the error by not objecting or requesting that the instruction be modified or clarified. (*People v. Dement* (2011) 53 Cal.4th 1, 45-46.) A trial court has no sua sponte duty to give an amplifying or pinpoint instruction. (*People v. Hughes* (2002) 27 Cal.4th 287, 361.) On the merits, masturbation for purposes of section 1203.066, subdivision (b) has been interpreted to encompass any touching or contact, however slight, of the genitals of the victim or the offender and includes touching through the clothes without skin-to-skin contact. (*People v. Terry* (2005) 127 Cal.App.4th 750, 771-772.) This definition of masturbation was first formulated in cases under the Sexually Violent Predators Act (Welf. & Inst. Code, § 6600.1) which includes the same definition of "substantial sexual conduct" as section 1203.066, subdivision (b). (See *People v. Lopez* (2004) 123 Cal.App.4th 1306, 1312-1313; *People v. Chambless* (1999) 74 Cal.App.4th 773, 786-787.) In *Chambless, supra*, the court held that "[a]ny contact, however slight of the sexual organ of the victim or the offender would be sufficient to qualify for masturbation and in turn as substantial sexual conduct under the Act." (*Id.*, at p. 787.)

Appellant argues that touching one's genitals is normal adolescent behavior and that a juror could have a reasonable doubt that a slight touching constitutes masturbation. Based on the age of the victims, appellant's sexual conduct, and the victims' responses to the sexual assaults, no reasonable juror would have doubted that appellant's acts of masturbation were substantial sexual conduct.

The jury was instructed on a well-established definition of masturbation. (*People v. Terry, supra*, 127 Cal.App.4th at pp. 771-772; *People v. Chambless, supra*, 74 Cal.App.4th at p. 783.) Appellant acknowledges the instruction is consistent with case precedent, but argues that masturbation, as defined, should be narrowed to exclude "slight touching." We do not consider the touching of a child's vagina or appellant's attempt to put his penis in a child's mouth to be anything other than "substantial sexual conduct" for

purposes of section 1203.066, subdivision (a)(8). "[T]he term 'masturbation' includes any touching or contact of the genital or either the victim or the offender, *whether over or under clothing*, with the requisite intent. Skin-to-skin contact is not required." (*People v. Lopez, supra*, 123 Cal.App.4th at p. 1312.)

Appellant contends that the use of terms like "manipulation" and "excitation" in the dictionary definitions of masturbation suggests that something more than slight touching or fondling is required to establish substantial sexual conduct. A similar argument was rejected in *People v. Lopez, supra*, 123 Cal.App.4th at pp. 1313-1314: "Words such as 'manipulation' and 'excitation' do not provide the basis for including a quantitative element to the amount of touching that would constitute masturbation. Moreover, since the instruction in this case told the jury that the touching had to be done with the 'requisite specific intent to arouse, appeal to, or gratify the sexual desires of either party,' the component of manipulation or excitation was acknowledged."

Here the jury was instructed that the prosecution had to prove that appellant willfully touched any part of a child's body either on the skin or through the clothing, and was twice instructed that the prosecution had to prove that appellant "committed the act with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of [defendant] or the child . . . ." (CALCRIM 1110, Special Instruction CALCRIM 1193.1.) Appellant makes no showing that the instruction on masturbation misstated the law or denied appellant a fair trial. "[N]ot every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." (*Middleton v. McNeil* (2004) 541 U.S. 433, 437 [158 L.Ed.2d 701, 707]; *People v. Huggins* (2006) 38 Cal.4th 175, 192.)

### CALCRIM 226 Instruction on Good Character

Appellant argues that the trial court erred in giving a pattern instruction that stated: "If the evidence establishes that a witness's character for truthfulness has not been discussed among the people who know him or her, you may conclude from the lack of discussion that the witness's character for truthfulness is good." (CALCRIM 226.)

8

Appellant argues that the evidence does not support the instruction and that he was prejudiced because the instruction directed the jury to presume that the victims' character for truthfulness was good.

CALCRIM 226 states that it only applies "[i]f the evidence establishes that a witness's character for truthfulness has not been discussed among the people who know him or her . . . ." The instruction is irrelevant because no character witness testified about anyone's reputation for honesty. Absent evidence that such a discussion occurred, the instruction, by its own terms, does not apply. The jury was further instructed to disregard instructions that do not apply. (CALCRIM 200.) The trial court instructed: "Do not assume just because I give a particular instruction that I am suggesting anything about the facts. After you have decided what the facts are, follow the instructions that do apply to the facts as you find them." (CALCRIM 200.) It is presumed that the jury understood and followed the instructions. (*People v. Carey* (2007) 41 Cal.4th 109, 130; *People v. Delgado* (1993) 5 Cal.4th 312, 331.) The alleged error in giving a pattern instruction on good character was harmless in light of the limiting language in the CALCRIM 226 instruction, (only applies "if the evidence establishes that a witness's character for truthfulness has not been discussed") and the CALCRIM 200 instruction to disregard inapplicable instructions. The bracketed portion of CALCRIM 226 instruction was erroneously given but did not rise to constitutional error or deny appellant a fair trial. (See *People v. Thornton* (2007) 41 Cal.4th 391, 443 [criminal defendant's attempt "'to inflate garden-variety evidentiary questions into constitutional ones'" is unpersuasive].)

*No-Contact Order*

Appellant argues that the trial court erred in ordering appellant to have no contact, "either direct or indirect" with the victims who were adults. Section 1202.05 provides that the trial court may prohibit visitation when the defendant is sentenced to state prison for a specified sex crime and the victim is a child under the age of 18 years. The statute was not intended to prohibit visitation where the victim has reached the age of 18 years at time of sentencing. (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1317-

1319; *People v. Ponce* (2009) 173 Cal.App.4th 378, 382-383 [protective orders are limited to the pendency of trial or probationary period; discussing § 136.2].) The trial court had no statutory authority to impose a no-contact order effective beyond the pendency of the criminal proceeding. (*People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1478; *People v. Robertson* (2012) 208 Cal.App.4th 965, 996.) "[E]ven where a court has inherent authority over an area where the Legislature has not acted, this does not authorize its issuing orders against defendants by fiat or without any valid showing to justify the need for the order. [Citation.]" (*People v. Ponce*, *supra,* 173 Cal.App.4th at p. 384.) Because the no-contact order is unauthorized, it must be stricken. (*Id.*, at pp. 385-386.)

*Presentence Conduct Credits*

Appellant contends, and the Attorney General agrees, that he is entitled to 149 days presentence conduct credits. The trial court awarded 996 days actual custody but was under the mistaken impression that it was precluded from awarding presentence conduct credits because appellant was receiving an indeterminate sentence. Adopting the recommendation of the probation report, the trial court awarded "zero days [conduct] credit under Penal Code section 3046."

It is settled that a defendant who receives an indeterminate life sentence is entitled to presentence conduct credits. (*People v. Brewer* (2011) 192 Cal.App.4th 457, 461-464; *People v. Philpot* (2004) 122 Cal.App.4th 893, 907.) Because appellant was convicted of a lewd act on a minor (§ 288, subd. (a)), a violent felony, he cannot earn more than 15 percent conduct credits. (§§ 2933.1, subd. (c); 667.5, subd. (c)(6).) Appellant was awarded 996 days custody credit and is entitled to 149 days conduct credit (15 percent of 996 days actual custody), for a total award of 1,145 days.

*Conclusion*

The no-contact order is stricken. (*People v. Ponce, supra*, 173 Cal.App.4th at pp. 384-386 [trial court has no inherent power to impose a no-contact order where victim is an adult at time of sentencing].) Appellant is awarded 149 days conduct credit

10

plus 996 days actual custody, for a total of 1,145 days presentence credits. The clerk of the superior court is directed to amend the May 29, 2014 sentencing minute order and abstract of judgment to reflect the sentence changes and to forward certified copies of the amended minute order and abstract of judgment to the Department of Corrections and Rehabilitation.

        As modified, the judgment is affirmed.

        <u>NOT TO BE PUBLISHED.</u>


                        YEGAN, J.

We concur:



GILBERT, P. J.



PERREN, J.

11

Kevin G. Denoce, Judge

Superior Court County of Ventura

_____

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.