[No. C066994. Third Dist. Oct. 4, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ANTHONY CRIVELLO, Defendant and Appellant.

Counsel

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kari L. Ricci, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

ROBIE, J.—Under the Mentally Disordered Offender (MDO) Act individuals convicted of particular enumerated violent offenses may be required to receive mental health treatment. (*Lopez v. Superior Court* (2010) 50 Cal.4th 1055, 1057 [116 Cal.Rptr.3d 530, 239 P.3d 1228] (*Lopez*).) As relevant in this case, in order to commit a prisoner as an MDO under Penal Code[1] section 2962, the People must prove that his "severe mental disorder was one of the causes of or was an aggravating factor in the commission of a crime for which the prisoner was sentenced to prison." (§ 2962, subd. (b).) "The MDO Act provides for treatment of certified MDO's at three stages of commitment: as a condition of parole [(§ 2962)], in conjunction with the extension of parole [(§ 2966, subd. (c))], and following release from parole [(§ 2970)]. Section 2962 governs the first of the three commitment phases, setting forth the six criteria necessary to establish MDO status . . . ." (*Lopez*, at pp. 1061–1062.) Three of the six criteria under section 2962 are foundational and need only be established at the initial section 2962 hearing. The other three criteria are dynamic and must be established at each annual review of commitment. (*Lopez*, at pp. 1062–1063.)

Defendant Michael Anthony Crivello appeals an order of civil commitment as an MDO under section 2970. He contends that because he was never committed as a an MDO under section 2962, he could not be recommitted as an MDO under section 2970. The People properly concede. We shall reverse.

---

[1] All further statutory references are to the Penal Code.

## RELEVANT FACTUAL BACKGROUND AND
## PROCEDURAL HISTORY

In November 2003, defendant was charged with second degree robbery, assault with a deadly weapon, and misdemeanor resisting arrest.[2] He was found incompetent to stand trial and proceedings were suspended until July 2004. Once proceedings were reinstated, defendant pled no contest to second degree robbery and the remaining counts were dismissed. The San Luis Obispo court sentenced him to a two-year state prison term.

In September 2005, the Board of Parole Hearings[3] determined defendant met the criteria of section 2962 as an MDO and sustained the condition he undergo mental health treatment as a condition of parole. Defendant challenged this determination and at an April 2006 trial on the matter, two psychiatric experts offered conflicting opinions. (§ 2966, subd. (b).) Dr. Mendenhall concluded defendant's mental illness was probably among the reasons he committed the robbery. Dr. Phenix concluded defendant was malingering, did not have a mental disorder, and any such disorder was not a cause or aggravating factor in his offense. Based on the conflicting expert testimony, and the tentative nature of Dr. Mendenhall's opinions, the court[4] found there was a reasonable doubt whether defendant had a substantial mental disorder that was a causative or aggravating factor in the robbery. The standard of proof is beyond a reasonable doubt. (§ 2966, subd. (b).)

In both April 2007 and July 2008, the board certified defendant as an MDO and following a court trial, the court found he did not meet the criteria. The board again determined defendant met the criteria of an MDO in January 2009, but defendant was released from the hospital prior to trial. In July 2009, the district attorney again sought continued involuntary treatment of defendant as an MDO. Defendant refused to come to trial, and in August 2009, the court found he had a severe mental disorder that could not be kept in remission without treatment. Accordingly, his commitment was extended under section 2970.

In May 2010, the district attorney filed another petition for continued involuntary treatment of defendant under section 2970. Defense counsel

---

[2] The substantive facts underlying the offense are irrelevant to any issue on appeal and are therefore not recounted here.

[3] Although the record refers to the Board of Prison Terms, that body was abolished effective July 2005 and references to the Board of Prison Terms are deemed to be references to the Board of Parole Hearings (board). (§ 5075, subd. (a).) As the Supreme Court did in *Lopez,* we adopt the new designation. (*Lopez, supra,* 50 Cal.4th at p. 1060, fn. 4.)

[4] When necessary for clarity, this trial court will sometimes be referred to as the San Luis Obispo court.

argued res judicata barred the proceedings, as defendant had been decertified as an MDO in 2006. Ultimately, the matter was continued until December 2010. After reviewing the transcript from the April 2006 trial and hearing argument on the res judicata issue, the trial court found the recommitment proceeding was not barred by res judicata or collateral estoppel, because the case was in a distinct procedural posture from the earlier proceedings. The trial court did not believe the San Luis Obispo court had necessarily "gone [so] far" as to find defendant did not have a mental disorder, rather, it found the San Luis Obispo court had merely expressed a reasonable doubt on that point. Moreover, the trial court found that even if the San Luis Obispo court had found defendant did not have a severe mental disorder, since that is a criterion subject to change, the determination did not have res judicata effect. Following a trial on the petition, the court found defendant had a severe mental disorder that could not be kept in remission without treatment.

## DISCUSSION

Defendant contends he has been illegally committed under section 2970. The People properly concede the issue, noting that because in 2006 the San Luis Obispo court found defendant was not an MDO, that ruling "has collateral estoppel and res judicata effect on subsequent attempts to certify the defendant as an MDO." We accept this concession.

■ "[W]here a trial court has found that a severe mental disorder was not an aggravating factor in the commission of the crime, the People are precluded from seeking [subsequent] MDO determination[s] based on the same underlying offense." (*People v. Francis* (2002) 98 Cal.App.4th 873, 879 [120 Cal.Rptr.2d 90].)

Here, in ruling the People could go forward on their recommitment petition, the trial court suggested that the 2006 finding by the San Luis Obispo court—that there was a reasonable doubt whether defendant suffered from a severe mental disorder and whether that disorder was an aggravating and/or causative factor in the 2003 robbery—was somehow distinct from finding defendant did not have a severe mental disorder. We reject this suggestion. In 2006, the San Luis Obispo court determined the prosecution had not met its burden to commit defendant as an MDO. This determination involved an element essential to the prosecution, litigated by both parties, and resolved conflicts in evidence. As such, it was tantamount to a finding that defendant did not have a severe mental disorder which contributed to the commission of the underlying offense. (See *People v. Parham* (2003) 111 Cal.App.4th 1178, 1182 [4 Cal.Rptr.3d 609].)

■ Moreover, contrary to the trial court's finding, the San Luis Obispo court did not simply determine defendant did not have a severe mental

disorder in 2006. The court also determined there was not sufficient evidence to support a finding that any mental disorder was an aggravating or causative factor in defendant's commission of the 2003 qualifying offense. Unlike the existence of a mental disorder, this is a static factor, not subject to change over time. (*Lopez, supra,* 50 Cal.4th at p. 1062.) Because this is a static factor, the determination on this point is binding as to further proceedings. Just as a defendant cannot challenge a determination that his mental illness contributed to the underlying offense in subsequent MDO proceedings, the People cannot later challenge a determination that defendant's mental illness did not contribute to the underlying offense by repeatedly initiating MDO proceedings. (*People v. Francis, supra,* 98 Cal.App.4th at p. 879; see also *People v. Parham, supra,* 111 Cal.App.4th at p. 1182.) Accordingly, the 2006 determination on this issue precluded the People from going forward on the current petition.

■ Nor can the People avoid the requirement of proving the existence of that static element by relying on the fact that this petition was a recommitment petition under section 2970. Section 2970 does not exist in a statutory vacuum. It is part of a progressive scheme in which at the initial proceedings there are six factors to establish, three of which are static and three of which are dynamic. (*Lopez, supra,* 50 Cal.4th at pp. 1061–1062.) If the People's burden is met as to all six criteria at the initial proceedings, and extensions of the commitment are later sought, the static criteria do not have to be reestablished. (*Id.* at pp. 1062–1063; *People v. Merfield* (2007) 147 Cal.App.4th 1071, 1076 [54 Cal.Rptr.3d 834].) By the same token, if the burden is *not* met as to the static factors at the section 2962 hearing, the defendant is not required to repeatedly defend himself on those points. Simply put, if a defendant cannot be committed under section 2962, based on a failure of proof of the static criteria, he cannot later be recommitted under section 2970.

The record before us indicates that this latest effort to commit defendant is the fourth time in as many years that the board has determined defendant is an MDO and the People have sought his commitment based on his 2003 robbery conviction. Twice before the court has rejected that commitment based on the res judicata and collateral estoppel effect of the 2006 determination that defendant's crime was not an aggravating or causative factor in his underlying offense. In the face of these determinations and existing legal authority, it is inexplicable why the board and the People continue to seek defendant's commitment using this particular statutory scheme and underlying offense as the basis. They must know such a commitment cannot stand.

■ But, just in case, let us make this perfectly clear. The predicate basis for defendant to be committed as an MDO based on his 2003 robbery

conviction does not exist. Because the court found in 2006 that defendant's mental disorder was not a causative or aggravating factor in that 2003 robbery, defendant cannot now, or ever, be committed as an MDO under section 2962 or 2970 based on that conviction. Continued attempts to commit defendant on this basis violate the principles of res judicata and collateral estoppel, and represent an enormous waste of resources.

### DISPOSITION

The judgment ordering defendant committed is reversed. The circumstances of this case compel us to remind the parties of the availability of California Rules of Court, rule 8.272(c)(1) whereby the parties can stipulate to the immediate issuance of a remittitur.

Blease, Acting P. J., and Murray, J., concurred.

On November 1, 2011, the opinion was modified to read as printed above.