Filed 2/18/16  P. v. Stevens CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK GILFORD STEVENS,<br><br>    Defendant and Appellant. | D068139<br><br><br><br>(Super. Ct. No. SCD224094) |

APPEAL from an order of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Reversed and remanded with directions.

Henry C. Coker, Public Defender, Randy Mize, Chief Deputy, and Troy A. Britt, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Mark Gilford Stevens was determined to be subject to a civil commitment as a mentally disordered offender (MDO).  (Pen. Code,[1] § 2960 et seq.)  He appeals from an

---

[1]    Further statutory references are to the Penal Code.

order designating his underlying felony offense a misdemeanor, but denying his request to be released from the commitment. He contends that once the court designated the offense a misdemeanor, as a matter of law it was required to release him from MDO commitment. After his appeal was filed, the California Supreme Court issued its opinion in his earlier case, *People v. Stevens* (2015) 62 Cal.4th 325 (*Stevens*), and set aside his initial commitment from 2012, for lack of substantial evidence in support of the trial court's required finding that Stevens posed a continuing threat of force or violence. (*Id.* at p. 329.) The Supreme Court remanded the matter for further proceedings.

As correctly conceded by the office of the Attorney General during oral argument in the current appeal, the proper resolution is to reverse the order denying Stevens's request for release from commitment and remand the matter with directions to order his release.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

Stevens suffers from schizophrenia and has an extensive criminal history of drug- and theft-related offenses (including robbery and residential burglary) since 1992. In 2010, he pleaded guilty to petty theft (§ 484) for stealing $27 worth of goods from a Rite Aid store. A jury found true allegations of a prior burglary conviction and a prior robbery conviction; the former was the basis of a prior prison term (§ 667.5, subd. (b)) and both were the basis of a strike (§ 667, subds. (b)-(i)) and a prior theft conviction

---

[2]     Stevens also filed a petition for writ of habeas corpus (*In re Mark Gilford Stevens* (D068989)), which we ordered considered with this appeal. By separate order, we deny the petition because we are addressing its subject matter on the merits in this opinion. We need not discuss the equal protection argument Stevens makes in his reply brief and petition.

(§ 666).  The court dismissed the strike and the prison prior and sentenced Stevens to 32 months in prison for petty theft with a prior theft conviction (§§ 484, 666).[3]

Before Stevens was released on parole, he was certified as an MDO and admitted to Atascadero State Hospital (Atascadero).  (§ 2960 et seq.)  The Board of Parole Hearings (the Board) determined in March 2012 that he met the criteria for commitment, and Stevens petitioned for a hearing to challenge the Board's determination.  "For reasons that are not entirely clear on the record," the trial court concluded that he met all the necessary MDO criteria, and Stevens appealed, obtaining Supreme Court relief in mid-December 2015.  (*Stevens, supra,* 62 Cal.4th at p. 339.)

Previously, in October 2014, the trial court ordered Stevens recommitted for a year, with his agreement.  (§§ 2970, 2972.)  In November 2014, Proposition 47 went into effect, reclassifying certain felonies as misdemeanors (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089), including petty theft with a prior theft conviction (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1327).  Stevens filed an application to designate his conviction a misdemeanor for all purposes and order his release from Atascadero. (§ 1170.18.)  In May 2015, the court designated the conviction a misdemeanor but declined to order his release.  Stevens appeals.

## DISCUSSION

Stevens contends once the court designated his offense a misdemeanor, he no longer had the felony conviction and determinate prison sentence (§ 1170) required for

---

[3]    Although Stevens made verbal threats against loss prevention officers who caught him with the stolen goods and attempted to hit one of them with a shopping cart, he was not charged with any crimes arising out of that aggressive conduct.  (*Stevens*, *supra*, 62 Cal.4th at p. 330.)

the MDO commitment (§ 2962, subds. (b), (e)); thus, the court was required to release him from the commitment. We agree.

" 'The [MDO Act], enacted in 1985, requires that offenders who have been convicted of violent crimes related to their mental disorders, and who continue to pose a danger to society, receive mental health treatment . . . until their mental disorder can be kept in remission. [Citation.]' [Citation.] The MDO Act is not penal or punitive, but is instead designed to 'protect the public' from offenders with severe mental illness and 'provide mental health treatment until the severe mental disorder which was one of the causes of or was an aggravating factor in the person's prior criminal behavior is in remission and can be kept in remission.' [Citation.] The MDO Act has the dual purpose of protecting the public while treating severely mentally ill offenders." (*Lopez v. Superior Court* (2010) 50 Cal.4th 1055, 1061 (*Lopez*).)

"The MDO Act provides for treatment of certified MDO's at three stages of commitment: as a condition of parole, in conjunction with the extension of parole, and following release from parole. Section 2962 governs the first of the three commitment phases, setting forth the six criteria necessary to establish MDO status; these criteria must be present at the time of the State Department of Mental Health's and Department of Correction and Rehabilitation's determination that an offender, as a condition of parole, must be treated by the State Department of Mental Health. The first three criteria outlined in section 2962 are capable of change over time, and must be established at each annual review of the commitment. [Citations.] These criteria require proof that an offender suffers from a severe mental disorder, that the illness is not or cannot be kept in remission, and that the offender poses a risk of danger to others. [Citation.] The latter

4

three criteria outlined in section 2962—that the offender's severe mental disorder was a cause or aggravating factor in the commission of the underlying crime, that the offender was treated for at least 90 days preceding his or her release, and that the underlying crime was a violent crime as enumerated in section 2962, subdivision (e)—are considered 'static' or 'foundational' factors in that they 'concern past events that once established, are incapable of change.' " (*Lopez*, *supra*, 50 Cal.4th at pp. 1061-1062.) A static factor has been designated as relevant only at the time of the initial commitment. (*People v. Cobb* (2010) 48 Cal.4th 243, 252.)

Section 2970, which provides for recommitment, "does not exist in a statutory vacuum. It is part of a progressive scheme . . . . [Citation.] If the People's burden is met as to all six criteria at the initial proceedings, and extensions of the commitment are later sought, the static criteria do not have to be reestablished. [Citations.] By the same token, if the burden is not met as to the static factors at the section 2962 hearing, the defendant is not required to repeatedly defend himself on those points. Simply put, if a defendant cannot be committed under section 2962, based on a failure of proof of the static criteria, he cannot later be recommitted under section 2970." (*People v. Crivello* (2011) 200 Cal.App.4th 612, 617; italics omitted.)

In the instant case, the qualification of the underlying crime as one listed in section 2962, subdivision (e) proved not to be " 'incapable of change.' " (*Lopez*, *supra*, 50 Cal.4th at p. 1062.) In May 2015, when Stevens's original commitment was no longer in effect, and he was in Atascadero pursuant to a recommitment, the court designated his offense a misdemeanor. This made the offense a misdemeanor for all purposes except restrictions on firearm access (§ 29800 et seq.). (§ 1170.18, subd. (k).) Because Stevens

then had no felony conviction, there was no basis for an MDO commitment. (See *People v. Crivello*, *supra*, 200 Cal.App.4th at pp. 617-618; § 2962, subds. (b), (e).) Because Stevens could not have been committed, he could not be recommitted. "Obviously, if an offender's initial commitment is improper, any extended commitment would also be improper." (*People v. J.S.* (2014) 229 Cal.App.4th 163, 171.)

## DISPOSITION

The order denying Stevens's request for release from commitment is reversed. The case is remanded to the superior court with directions to order him released from commitment.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.

6