Filed 2/25/16  P. v. Zavala CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D067558 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD134883) |
| JOSE LUIS ZAVALA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Jay M. Bloom, Judge.  Reversed with directions.

Office of the Primary Public Defender, Randy Mize, Chief Deputy Public Defender, and Troy A. Britt, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Marvin Mizell and Stacy A. Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

In 2014, the voters approved Proposition 47, adding section 1170.18 to the Penal Code (The Safe Neighborhoods and Schools Act), and allowing qualifying felony

offenders to seek reclassification of their offenses to misdemeanors, on a retroactive basis. (Pen. Code, § 1170.18, subds. (a).)[1] Defendant and appellant Jose Zavala (Appellant) sought such a reclassification, based on his underlying 1998 felony theft crime. At the time his petition was brought, he remained subject to a civil commitment to a state hospital as a mentally disordered offender ("MDO"), which began when his prison sentence was completed in 2002. (§ 2960 et seq. (the MDO Act).)[2]

Appellant, as a person "who has completed his or her sentence for a conviction" of a felony (§ 1170.18, subds. (f), (g), (h)), claimed entitlement to the Proposition 47 redesignation. At the same time his motion was brought, the trial court had before it an annual petition brought by the People, Respondent here, to extend Appellant's civil commitment as an MDO, and Appellant further requested that the court release him from his commitment, if the underlying crime were reclassified as a misdemeanor. (§ 2962, subd. (e) [underlying felony qualification for MDO treatment]; § 2972 [recommitment].)

---

1    All further statutory references are to the Penal Code unless noted. Proposition 47 changed portions of this code and the Health and Safety Code, reducing or redesignating various drug possession and theft-related offenses from felonies (or wobblers, § 17, subd. (b)) to misdemeanors, unless those offenses were committed by certain offenders who are specified as ineligible for such reduction or redesignation. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*); § 1170.18, subd. (i); also see fn. 4 on eligibility, *post*.)

2    An offender convicted of a specified felony related to a severe mental disorder, who continues to pose a danger to society, qualifies for treatment under the MDO Act. (*People v. Harrison* (2013) 57 Cal.4th 1211, 1218 (*Harrison*) [in challenge to MDO Act procedure, the court distinguished between its procedural requirements and its substantive criteria]; § 2962, subd. (d)(1) [MDO criterion of risk of substantial danger of physical harm to others].)

2

The trial court denied his motion and continued the civil commitment matter, and that issue had not been resolved by the time the order on the motion was issued.

In the order denying the motion, the trial court found that Appellant, as a civilly committed MDO who might continue to pose a substantial danger of physical harm to others, was not statutorily eligible for redesignation. The court reasoned that Proposition 47 did not apply to a defendant during an MDO proceeding, but that even if it did, Appellant would still not be free of the MDO law. The ruling states that the underlying crime that caused the commitment was no longer an issue, because the standard for MDO recommitment involved his dangerousness.

Appellant challenges the trial court's order denying his motion and claims he is entitled to redesignation irrespective of his MDO status. He argues the terms of section 1170.18, subdivision (k) provide that the requested reclassification of his offense from a felony to a misdemeanor would be "for all purposes" (excepting only firearm restrictions; § 29800 et seq.). (*Alejandro N. v. Superior Court of San Diego County* (2015) 238 Cal.App.4th 1209, 1223 (*Alejandro*).) Appellant argues his offense as redesignated would have full retroactive effect that would conclusively undermine the validity of the MDO status by removing his statutorily qualifying felony. (§ 2962, subd. (e)(1).) Appellant relies on theories of statutory interpretation and equal protection, as they affect the interaction of Proposition 47 with the MDO Act. (See, e.g. *In re Moye* (1978) 22 Cal.3d 457, 465-466 [persons similarly situated must receive like treatment under law].)

In response, the People initially contend that even assuming that Proposition 47 provisions are equally applicable to MDO's, Appellant's motion papers did not satisfy his

3

burden of showing, as a factual matter, his entitlement to the requested reduction (i.e., that the stolen property did not exceed $950 in value). (§ 490.2, subd. (a) [redesignated petty theft crime]; *People v. Sherow* (2015) 239 Cal.App.4th 875, 878-879 [allocating burden of proof].) The People claim the trial court properly refused to give retroactive effect to the section 1170.18 redesignation of the underlying crime, as it would relate to a challenge at this late date to the original MDO proceedings, a consequence of the conviction, since they are otherwise governed by section 2960 et seq. (But see *Alejandro*, *supra*, 238 Cal.App.4th at pp. 1227-1230 [a reclassified misdemeanor offense under Proposition 47 cannot alone support a collateral order retaining DNA materials collected in connection with the previous felony finding; §§ 296, 296.1].)

The People further argue the stated purposes of the Proposition 47 resentencing statutory scheme, to reduce the prison population for nonviolent offenders, indicate it should not apply to persons adjudicated as MDOs, since they are not mentioned in it, and they may remain dangerous to members of the public. (See §§ 2962, subd. (d)(1), 2972, subds. (c), (e) [MDO criteria include whether offender's disorder creates a substantial danger of physical harm to others].) In section 1170.18, subdivision (c), Proposition 47 supplies an analogous foundational element for resentencing or redesignation, requiring a factually-based consideration of potential "unreasonable risk of danger to public safety,"

as that term is "used throughout this [Penal] Code."[3] (*People v. Contreras* (2015) 237 Cal.App.4th 868, 892 (*Contreras*).)

We first inquire whether Appellant made an adequate showing of entitlement to redesignation, within the statutory requirements. (§ 1170.18, subds. (f), (g).) We interpret the terms of section 1170.18, subdivision (k) in this context as specifying expansively that if the felony offense is redesignated, it shall be "considered a misdemeanor for all purposes." (*Ibid.*) (See *Alejandro, supra*, 238 Cal.App.4th 1209, 1222-1223 [purposes of Proposition 47].) We consider whether the trial court applied the proper standard to evaluate "dangerousness" in its Proposition 47 ruling, in this context of a moving party who is also an MDO, and who is facing recommitment.

We agree with Respondent that Appellant, although eligible to bring such a motion, has not satisfied his burden of proof to show that he is factually entitled to redesignation of the felony conviction to a misdemeanor. Further trial court proceedings are warranted to give him the opportunity to provide such proof.[4] On this record, the

---

[3]     Section 1170.18, subdivision (c) states: "As used throughout this [Penal] Code, '*unreasonable risk of danger to public safety*' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of [section 667, subdivision (e)(2)(C)(iv)]." (Italics added; see *Alejandro*, *supra*, 238 Cal.App.4th at p. 1222, fn. 4, designating the highly serious and/or violent felony offenses listed by § 667, subd. (e)(2)(C)(iv) as "super strikes.")

[4]     Appellant is not facially unqualified for the requested redesignation under the provisions of section 1170.18, subdivision (i), because his prior conviction was not classified under that portion as a "super strike" (statutorily-specified highly serious or violent offenses), and he was never required to register as a sex offender. Such other identified offenders are deemed to have committed a felony, even if their drug- or theft-

implications of such a redesignation on the separate MDO proceedings cannot be determined, with respect to whether Appellant should consequently be released from the state mental hospital for lack of a statutorily qualifying MDO commitment. (§ 2972.) Those related MDO issues are not now before us, and we consider only the motion proceedings about redesignation. Based on a plain reading of the applicable Proposition 47 language, we reverse the order denying the motion with directions to allow Appellant to again present a petition on the redesignation request.

I

*BACKGROUND*

The record shows Appellant was charged with robbery by force or fear in October 1998. (§ 211.) In December 1998, he pleaded guilty to the lesser included felony charge of grand theft from the person of another (§ 487, subd. (c)). Although he was granted probation, it was revoked in May 1999, and he was sentenced to three years in state prison.

At the expiration of his prison term, Appellant was committed to a state hospital as an MDO. (§ 2962.) The People have brought yearly petitions to extend the civil commitment, and the record shows he remains under that commitment. (§§ 2970, 2972.)

When Proposition 47 became effective in November 2014, its provisions included section 1170.18, subdivisions (a) through (n), establishing a recall/redesignation procedure, and (inter alia) section 490.2, subdivision (a), providing that a previous felony

related offense would otherwise be classified as a misdemeanor under Proposition 47. (See *Rivera*, *supra*, 233 Cal.App.4th 1085, 1092.)

6

conviction in which stolen property did not exceed $950 in value may now be redesignated as a misdemeanor.[5]

After Proposition 47 became effective, and while an annual People's recommitment petition was pending, Appellant brought a motion under section 1170.18, subdivision (f), to have his felony theft conviction designated a misdemeanor.[6] In his motion papers, he did not provide any details about the facts of the crime leading to his underlying criminal conviction, such as any proof of the value of the property he stole.[7]

Opposition and reply papers were filed. There was no discussion in them about whether Appellant had taken property of any particular value. Instead, the People contended he was not eligible for the redesignation of his offense, on the grounds that

---

[5]    As relevant here, section 490.2 states in pertinent part that after Proposition 47, "obtaining any property by theft where the value . . . does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."

[6]    Section 1170.18, subdivision (f) states, "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application" to have the conviction(s) designated as misdemeanor(s). Section 1170.18, subdivision (g) states that if the application satisfies the criteria in subdivision (f), "the court shall designate the felony offense" as a misdemeanor.

[7]    In the briefs on appeal, Appellant's attorney provides a factual statement about the underlying offense, but without citation to any portions of the record (saying that Appellant stole a necklace from a person, then gave it back, and nobody knows how much it was worth at the time). Our record contains a notification from the superior court clerk that the 1998 reporters' transcripts designated as part of the record (Dec. 2 and Dec. 31, 1998, the change of plea and sentencing hearings) have been routinely destroyed and are no longer available. The minute orders from December 2 and December 31, 1998 are in the record, but no copy of the probation report from the 1998 through 2002 proceedings has been supplied. (See *People v. Stevens* (2015) 62 Cal.4th 325 [discussing use of probation report in connection with burden of proof in MDO proceedings].)

7

section 1170.18 was inapplicable to persons previously designated as MDOs. Appellant replied that the prosecutor had impliedly conceded that his conviction was eligible for redesignation, and that consequently, Appellant no longer met the requirements to be civilly recommitted as an MDO.

At the January 27, 2015 hearing on the motion, the court and counsel discussed whether Appellant was eligible for redesignation of his underlying felony, in light of his current MDO status. They compared the discretionary sentencing provisions of section 17, subdivision (b) (wobblers) and inquired into Proposition 47's voters' intentions. The court noted that the MDO commitment was civil in nature and not a sentence. However, the court acknowledged that an underlying felony was required for the MDO status, and that this was a hybrid type of proceeding. The prosecutor requested that the felony not be reduced to a misdemeanor, but argued that even if that occurred, it still should not affect the subsequent MDO commitment.

After taking the matter under submission, the court issued an order denying the application for several different reasons. First, the court noted that section 1170.18 and Proposition 47 did not expressly deal with the case of an MDO who has repeatedly been found to have a treatable severe mental disorder that represented a substantial danger of physical harm to others, within the meaning of the MDO laws.[8] The purposes of

---

[8] Under section 2962, subdivisions (a) through (e), a person is subject to the MDO Act if he or she has a severe mental disorder and meets numerous statutory criteria, which include receipt of a determinate sentence for an offense that is specified in section 2962, subdivision (e)(2)(A) through (O), or that was a felony offense involving behavior described in its subdivision (e)(2)(P) or (Q). As relevant here, section 2962,

8

Proposition 47 did not evidently include the release of dangerous individuals or the evisceration of protections for the public, as those are set out in the MDO laws. The court said the money saving aspects of Proposition 47 applied to prisoners, while the MDO commitment was a hybrid setting with elements of civil proceedings but criminal due process rights. The court concluded that Proposition 47 did not apply to a defendant during an MDO proceeding, but that even if it did, Appellant would still not be free of the MDO law. The underlying crime that caused the commitment was deemed no longer to be an issue, because the standard for recommitment involved his dangerousness. (§ 2972, subds. (c), (e).) Finally, the court found no equal protection violations from any prospective application of changes to various sentencing or hybrid civil commitments. In conjunction with the MDO proceedings, the request for reduction (redesignation) of the underlying crime was denied.

Appellant timely appealed the order denying his motion, after his petition for relief in mandamus was denied without prejudice. (*Zavala v. Superior Court* [den. Feb. 17, 2015] D067466.) The record shows the recommitment hearing remained on calendar for further proceedings.

---

subdivision (e)(2)(Q) specifies criminal behavior that will qualify a defendant for MDO status as events in which he "expressly or impliedly threatened another with the use of force or violence likely to produce substantial physical harm in such a manner that a reasonable person would believe and expect that the force or violence would be used."

## *RULES OF REVIEW; ISSUES PRESENTED*

Both parties seek de novo review of the statutory requirements as applied to this record.  In *Rivera*, *supra*, 233 Cal.App.4th 1085, the court set out these well-accepted rules of statutory construction for interpreting a voter initiative like Proposition 47. " ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law.  [Citations.]" ' [Citation.]  In the case of a provision adopted by the voters, 'their intent governs.'  [Citation.]  [¶]  'In determining such intent, we begin with the language of the statute itself.'  [Citation.]  We look first to the words the voters used, giving them their usual and ordinary meaning. ' "If there is no ambiguity in the language of the statute, 'then . . . the plain meaning of the language governs.' "  [Citation.]  "But when the statutory language is ambiguous, 'the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.' "  [Citation.]  [¶] In construing a statute, we must also consider " 'the object to be achieved and the evil to be prevented by the legislation." ' "  (*Id.* at pp. 1099-1100.)

Generally, whether a statute should operate prospectively or retroactively is determined by ascertaining legislative intent.  (*People v. Brown* (2012) 54 Cal.4th 314, 319.)  Appellant argues his redesignation motion should have been ruled upon using a statutory construction " ' "more favorable to the offender . . . ." ' "  (*People v. Rizo* (2000) 22 Cal.4th 681, 685-686.)  He cites to a rule of limited retroactivity, providing that if legislative action is taken to reduce a lesser punishment for a given crime, the reduced

punishment may be imposed for crimes committed before the act's passage, so long as it is constitutionally appropriate. (*In re Estrada* (1965) 63 Cal.2d 740, 742-748; *People v. Brown, supra*, 54 Ca1.4th at pp. 323-324; 1 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Introduction to Crimes, § 48, p. 87.)

Where, as here, multiple statutory schemes become relevant, "we evaluate each scheme and seek to harmonize them to carry out their evinced intent." (*Alejandro*, *supra*, 238 Cal.App.4th at p. 1224.) Proposition 47 contains section 1170.18, subdivision (n), providing that: "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." The People point out that MDO proceedings represent a progressive scheme in which annual evaluations are required for recommitments, and that a recommitment is in the nature of a civil judgment. (§ 2972; *Lopez v. Superior Court* (2010) 50 Cal.4th 1055, 1061-1063 (*Lopez*) [different showings required for initial commitments and recommitments].)[9]

The People thus argue the MDO recommitment order, based in part on earlier, essential findings (e.g., an underlying felony), should be treated differently for purposes of a motion involving Proposition 47 retroactivity analysis. In their respondent's brief, the People state that they do not contest "that offenders who otherwise meet the statutory criteria to have their felonies designated [as] misdemeanors, and who are civilly committed as MDO's, are entitled to have the conviction so designated. [R]espondent

---

[9]    In *Lopez*, *supra*, 50 Cal.4th 1055, 1063-1064, the Supreme Court explains that there are two types of MDO criteria, those which are "static" as of the initial commitment date, and those that are "dynamic," to be realleged and proven yearly for recommitments under section 2972.

11

challenges only the retroactive effect of Penal Code section 1170.18 re-designation." (But see *People v. Crivello* (2011) 200 Cal.App.4th 612, 617 ["if a defendant cannot be committed under section 2962, based on a failure of proof of the static criteria, he cannot later be recommitted under section 2970"].)  Given this framework for statutory construction, we examine the validity of the order denying Appellant's redesignation motion.

III

*RETROACTIVITY OF PROPOSITION 47 REDESIGNATIONS*

In *Alejandro, supra*, 238 Cal.App.4th 1209, this court initially considered the applicability of Proposition 47 standards (located in the Penal Code), to juvenile delinquency proceedings (conducted under Welf. & Inst. Code, § 602).  We held that Proposition 47's reclassification provisions apply to juveniles who committed offenses, since the relevant penal provisions have been incorporated into those proceedings: "Section 1170.18's use of terms associated with adult criminal proceedings logically comports with the fact that the Penal Code and other codes defining crimes define the offenses primarily for use in the adult context, and that these substantive criminal offense provisions are then engrafted onto the juvenile proceedings in wholesale fashion by means of Welfare and Institutions Code section 602."  (*Alejandro*, *supra*, at p. 1224.)

Most relevant to the issues here was our discussion in *Alejandro* of section 1170.18, subdivision (k), and its retroactivity language, providing that a reclassified offense is a misdemeanor "for all purposes" (except with respect to the designated firearm restrictions).  We declined to create a nontextual exception to the statute's retroactivity

12

language, with regard to expungement of DNA records under section 299, once a predicate or qualifying felony offense has been redesignated to a misdemeanor. (*Alejandro, supra,* 238 Cal.App.4th at pp. 1227-1228.) We acknowledged that the voters are presumed to have known of existing statutory provisions related to the distinction between felonies and misdemeanors.[10] We discussed retroactivity principles and on a plain language basis, interpreted section 1170.18, subdivision (k) to mean that Proposition 47 provisions are retroactive in that DNA retention context. (*Alejandro, supra*, at pp. 1227-1230.) Since section 1170.18, subdivision (k) explicitly addressed which exceptions should be afforded to the otherwise all-encompassing misdemeanor treatment of a qualifying offense, we noted that the courts should not carve out other exceptions to that treatment, "absent some reasoned statutory or constitutional basis for doing so." (*Alejandro, supra*, at p. 1227 & fn. 8, which cites *Rivera, supra*, 233 Cal.App.4th 1085, 1093-1097 [determination of appellate jurisdiction properly based on offense as charged and convicted, not as reduced].)

In *Alejandro, supra*, 238 Cal.App.4th 1209, we directed the superior court to expunge Alejandro's DNA "unless there is another basis to retain it apart from his mere commission of the reclassified misdemeanor offense." (*Id*. at p. 1217.) We reasoned, "Based on the broad mandate set forth in section 1170.18, subdivision (k) to treat reclassified offenses as misdemeanors for all purposes *except for firearm restrictions*, as

---

10    "An enacting body is deemed to be aware of existing laws at the time legislation is enacted and to have enacted or amended a statute in light thereof; this principle applies as well to legislation enacted by voter initiative." (*Alejandro*, *supra*, 238 Cal.App.4th at p. 1225; *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1015.)

13

well as *the extension of an expansive retroactive remedy under section 1170.18*, we conclude the voters did not intend that a reclassified misdemeanor offense be deemed a felony for purposes of retention of DNA samples." (*Id*. at p. 1228, italics added.)  This was a broad, expansive directive and there was no other applicable statutory exception to retroactivity.  (*Id*. at p. 1229.)

In *Alejandro*, we also noted, "Section 1170.18 does not address matters *collateral to the substantive offenses* that are incorporated into juvenile proceedings under Welfare and Institutions Code section 602, but rather involves *the very definition of the offenses themselves*—i.e., permitting their characterization as misdemeanors rather than felonies and allowing resentencing in accordance with the misdemeanor classification." (*Alejandro, supra,* 238 Cal.App.4th at p. 1224; italics omitted & added.)  Such collateral matters included, for example, applicable enhancements or registration requirements.  (*Id.* at pp. 1220-1224.)  However, in *Alejandro*, the status of the underlying felony offense was squarely presented to the trial court through the reclassification request, and this required the application of the statutory standards set forth in Proposition 47, on a retroactive basis.  (*Id*. at pp. 1227-1230.)

IV

*PROOF OF ENTITLEMENT TO PROPOSITION 47 REDESIGNATION*

A.  Eligibility to Seek Relief; MDO Issues Not Ripe for Decision

A trial court's decision on a section 1170.18 petition requires a factual analysis of whether the defendant meets the statutory criteria for relief.  (*Contreras, supra,* 237 Cal.App.4th 868, 892.)  The statute initially sets forth a procedure for requests under

14

section 1170.18, subdivisions (a) and (b), by an offender of a specified type of crime, and who is currently serving a sentence (assuming the offender has no disqualifying "super strikes" and is not required to register as a sex offender; see *Alejandro, supra*, 238 Cal.App.4th at p. 1226.) In that type of case, the trial court's decision requires an additional analysis identified by section 1170.19, subdivision (c), on whether the petitioner meets the statutory criteria for relief, that he or she does not pose an unreasonable risk of danger to public safety. (See *id*. at p. 1226; § 1170.18, subds. (b), (c) [defining "unreasonable risk of danger to public safety" by reference to section 667, subdivision (e)(2)(C)(iv); see footnote 3, *ante*].) For a resentencing case, this is an important factual question that must be decided by the trial court " 'in its discretion,' " i.e., "whether 'resentencing the petitioner would pose an unreasonable risk of danger to public safety,' " pursuant to sections 1170.18, subdivisions (b) and (c). (*Contreras*, *supra*, at p. 892.)

Appellant was not seeking an initial recall and resentencing, but was making a redesignation request pursuant to Proposition 47's section 1170.18, subdivisions (f) and (g), after his sentence had been completed. He argues in his reply brief, "The only issue [on the motion] that should have been considered is whether the value of the property taken by Mr. Zavala was over $950." He also claims that the People have effectively waived or forfeited any objections to his very minimal showing about his factual entitlement to the redesignation as requested. We do not accept his claim of waiver of

objections, and will address the sufficiency of his showing in light of de novo interpretation of the statutory requirements.[11]

In response to the appeal, the People argue that even if the reclassification request should have been granted, it should not have retroactive effect, because "[n]othing in the language of section 1170.18, subdivision (k), overrides any part of the MDO Act." They contend the MDO status is dependent on the continued existence of the earlier felony conviction, and they object to any retroactive effectiveness of section 1170.18, subdivision (k), to "undo" the underlying felony, as follows: "The statute provides for retroactive *eligibility* for section 1170.18 re-designation in the sense that an offender whose judgment is final can still have his felony designated a misdemeanor, but it makes no provision at all for retroactive effect of that re-designation." They argue for a Proposition 47 interpretation that would leave Appellant's earlier felony conviction intact, for MDO purposes. (See *Rivera, supra*, 233 Cal.App.4th at p. 1100 [reduction to misdemeanor not retroactive for purposes of appellate jurisdiction requirements].) They cite to section 2962, which sets a one-year deadline to contest MDO certification for treatment, to argue the time has passed for any challenge to Appellant's initial MDO

---

[11]    In the opening brief, Appellant admits that an argument adverse to him could be raised, that section 1170.18, subdivision (k) is not broad enough to provide retroactive effect applicable to his postconviction situation (since it refers to "resentencing," regarding the firearms restrictions). However, such an admission does not make any difference here, since section 1170.18, subdivision (k) also states that a redesignated offense under its subdivision (g) shall "be considered a misdemeanor for all purposes" (except for the firearms restrictions).

16

commitment.  (See *People v. J.S.* (2014) 229 Cal.App.4th 163, 174 [propriety of an initial commitment may affect the validity of subsequent recommitments].)

The purpose of the MDO Act is to protect the public while treating severely mentally ill offenders.  (*Harrison*, *supra*, 57 Cal.4th at p. 1218.)  For commitment or recommitment, the MDO Act in section 2962, subdivision (e)(1) requires a showing that the offender had received a determinate sentence for a felony, and the underlying crime was one of the enumerated crimes in section 2962, subdivision (e)(2), serious and/or violent felonies.  Further, section 2962, subdivision (e)(2)(Q) includes a catchall provision for any felony "in which the perpetrator expressly or impliedly threatened another with the use of force or violence likely to produce a substantial physical harm in such a manner that a reasonable person would believe and expect that the force or violence would be used."  (*Ibid.*)

In Appellant's case, because there were two petitions pending at the time of the hearing, the trial court had remaining concerns about whether his release from civil commitment might pose a risk of physical harm to others, based on the MDO standards. (§ 2972, subds. (c), (e).)  However, there is nothing in the MDO Act specifically obviating the Proposition 47 broad directives, or preventing Appellant from separately pursuing a variety of the Proposition 47 remedies created by section 1170.18.  We are limited to conducting a plain reading of the expansive Proposition 47 language on retroactivity, "for all purposes," and it indicates that Appellant cannot be disqualified from pursuing a statutory remedy, simply because of his current MDO status. (§ 1170.18, subd. (k).)

17

We do not have before us the question of whether an MDO recommitment may survive a Proposition 47 reclassification order that operates to remove its foundational element, a felony, since Appellant has not yet achieved reclassification and his recommitment order is not now on appeal. At this time, we decide only that Appellant is not excluded from the category of persons who may seek relief under Proposition 47, solely by reason of his status as an MDO who is subject to civil commitment and potential recommitment. The remaining question is whether his application was substantively meritorious.

### B. Scope of Trial Court's Inquiry Under Section 1170.18; Facts

Here, as in *Alejandro, supra*, 238 Cal.App.4th 1209, the substantive nature of Appellant's underlying commitment offense was squarely presented to the trial court, for purposes of redesignation. The court's ruling denied the request, determining Appellant, an MDO, was not eligible to present it. We have determined that was error and that the court should have analyzed whether Appellant had established his case for such resentencing. He first had to show that his previous felony conviction would have been equivalent to a misdemeanor under Proposition 47, if it had been in effect at the time of the offense. This requires a factual inquiry under section 490.2, which provides that if Appellant had obtained the property by theft, and it was valued at $950 or less, the offense would be considered petty theft and punished as a misdemeanor.

In *Sherow*, *supra*, 239 Cal.App.4th 875, this court noted that Proposition 47 does not explicitly allocate a burden of proof. We relied on the ordinary proposition that " ' "[a] party has the burden of proof as to each fact the existence or nonexistence of

which is essential to the claim for relief or defense he is asserting." ' " (*Sherow*, *supra*, at p. 879.) We stated, "it is entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts, upon which his or her eligibility is based." (*Id.* at p. 880.)

As previously noted, the 1998 records of Appellant's change of plea and sentencing proceedings are available only as minute orders, as the reporters' transcripts have not been retained pursuant to statutory standards, due to lapse of time. Appellant was originally charged with robbery by force or fear (§ 211), but he entered a guilty plea to the lesser included felony charge of grand theft from the person of another (§ 487, subd. (c)). The minute orders do not provide any details of how the theft took place.

In his reply brief, without citations to the record, Appellant represents that the facts were that he "grabbed a necklace from a young man's neck and ran away. The young man wasn't injured and the property was returned. At the preliminary hearing, the young man and his female companion testified under oath that they did not know the value of the necklace. More importantly, they testified that Mr. Zavala returned the necklace to the victim at the time of the incident." Appellant then argues that there were implied findings by the trial court that he was eligible to have his conviction designated as a misdemeanor, but for his MDO status, because the value was probably under $950 and the item was apparently returned at the time of the incident.

The People take the position that Appellant did not carry the applicable burden of proof that he qualified for resentencing. The trial court had to make a determination under the new petty theft statute that the value of the property taken did not exceed $950. (§ 490.2.) Here, as in *Sherow*, *supra*, 239 Cal.App.4th 875, to impose this burden on

Appellant "would not be unfair or unreasonable. He knows what kind of items he took . . . ." (*Id.* at p. 880.) "A proper petition could certainly contain at least [the offender's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*, citing *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1341.)

As in *Alejandro*, *supra*, 238 Cal.App.4th 1209, we focus on the substantive nature of the offense, rather than the collateral consequences of it. (*Id.* at p. 1224.) At this juncture, we cannot accept the factual representations in the reply brief as proof. "An ' "essential distinction" ' between trial courts and appellate courts is that ' "it is the province of the trial court to decide questions of fact and of the appellate court to decide questions of law . . . . " ' [Citation.] Appellate courts do not make factual findings; we review ' "the correctness of a judgment [or order] as of the time of its rendition." ' " (*Contreras, supra*, 237 Cal.App.4th at p. 892.)

This record is incomplete on value. (§ 490.2.) Appellant is entitled to a hearing on his redesignation motion utilizing the proper legal standard, and with an expanded factual showing, if available. (See *People v. J.S.*, *supra*, 229 Cal.App.4th 163, 173-174 [if initial commitment defective, recommitment may also fail].)

20

DISPOSITION

The order denying Appellant's redesignation motion is reversed with directions to allow Appellant to again present a petition for redesignation of the offense.


HUFFMAN, Acting P. J.

WE CONCUR:


McDONALD, J.


PRAGER, J.*

---

21